ROBERT M. PARKER, Circuit Judge:
Robert Andrew Cantu was sentenced to twelve years imprisonment after pleading-guilty to a charge of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841. He appeals the district court’s order denying his motion to suppress evidence discovered pursuant to a search of his home. The sole issue before this court is whether the district court erred in denying Mr. Cantu’s motion to suppress evidence obtained after the officers failed to announce their presence and purpose when attempting forcible entry of Mr. Cantu’s home.
BACKGROUND
On July 1, 1998, at approximately 1:00 a.m., a seven-person team of officers with the Calhoun County Sheriffs Office executed a warrant to search Defendant’s mobile home in Port Lavaca, Texas. The officers obtained the warrant pursuant to information from a confidential source who indicated that defendant Robert Cantu was selling cocaine and that the drugs were located at the defendant’s residence. The officers did not have any specific reason to believe that the occupants of the Cantu residence were armed or posed any other substantial physical threat.
Operating under a “breach and announce” policy, which governed all forced entry cases undertaken by the Calhoun County Sheriffs Office, the seven officers donned ski masks, approached Defendant’s front door, and tried to pry it open without first announcing their presence. Why the officers donned ski masks defies the imagination. If the idea was to conceal their identity, apparently the fact that such concealment would be blown by announcing who they were did not penetrate then-consciousness.
The initial attempt to enter the home proved unsuccessful because the walls of the mobile home were too flimsy to support the leverage needed to pry the door open. After the failed initial attempt, the officers announced, “Sheriffs Office, search warrant!” Two officers testified that they detected movement within the mobile home, but were unable to point to anything else that would indicate that evidence was being destroyed. The officers continued to try to gain entry using the crowbar. At no time during this period did any of the occupants of the mobile home open the door. Both the Defendant and the Defendant’s wife testified that they were asleep at the time of the raid, but awoke when they heard what sounded like a fight or someone trying to break into their home. Approximately forty-five seconds after they announced their presence, one of the officers broke the door’s window and unlocked the door from the inside. Defendant moved to suppress the cocaine, LSD, and marijuana seized from the residence alleging that it was the result of an unreasonable search and seizure.
DISCUSSION
When the district court makes factual findings following a pretrial hearing on a motion to suppress, this court reviews such findings for clear error, assessing the evidence in the light most favorable to the party that prevailed in the district court. See United States v. Jones, 133 F.3d 358, 360 (5th Cir.), cert. denied, 523 U.S. 1144, 118 S.Ct. 1854, 140 L.Ed.2d 1102 (1998). Legal conclusions are reviewed de novo. See United States v. Cardenas, 9 F.3d 1139, 1146 (5th Cir.1993). Therefore, the district court’s determination that the search of Mr. Cantu’s home was reasonable under the Fourth Amendment is reviewed de novo. See United States v. Seals, 987 F.2d 1102, 1106 (5th Cir.1993).
*151 The Fourth Amendment assures that “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.... ” U.S. Const, amend. IV. The Fourth Amendment embodies the common law principle that police officers should knock and announce their presence before they enter a private home. See Richards v. Wisconsin, 520 U.S. 385, 387, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997) (citing Wilson v. Arkansas, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995)). However, the knock- and-announce rule is not required when law enforcement concerns outweigh personal privacy interests. See Wilson, 514 U.S. at 934, 115 S.Ct. 1914. The Supreme Court has left “to the lower courts the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment.” Id.
The question presented in this case is whether the knock-and-announce rule applies equally to forcible entry attempts as to the actual breaking open of a door or window to a house. The federal knock- and-announce rule is codified at 18 U.S.C. § 3109. Section 3109 provides:
The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.
18 U.S.C. § 3109. Basing its decision on a literal reading of the federal statute, this court held in United States v. Fike that the knock-and-announce rule does not apply unless law enforcement officers actually break open an outer or inner door or window of a house to gain entry. See United States v. Fike, 82 F.3d 1315, 1324 (5th Cir.1996) (citing United States v. Grier, 866 F.2d 908, 934-35 (7th Cir.1989)). Under this rule, law enforcement officers are not required to announce their presence unless they subsequently break into a house or they find exigent circumstances that would make announcing their presence “dangerous or futile, or ... would inhibit the effective investigation of the crime.” Richards, 520 U.S. at 394, 117 S.Ct. 1416.
While “ § -3109 codifies the exceptions to the common-law announcement requirement, ... and the common law in turn informs the Fourth Amendment, [the Supreme Court’s] decisions in Wilson and Richards serve as guideposts in construing the statute.” United States v. Ramirez, 523 U.S. 65, 73, 118 S.Ct. 992, 140 L.Ed.2d 191 (1998). In Richards, the Court held that “the Fourth Amendment incorporates the common law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry.” Richards, 520 U.S. at 387, 117 S.Ct. 1416 (citing Wilson v. Arkansas, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995)) (emphasis added). In construing the scope and application of § 3109, the Court in Richards and Wilson considered the common-law rule requiring officers to announce their presence before attempting forcible entry to outweigh the suggestive language in § 3109, which implies that officers must actually break into the home for the rule to apply. See id.
Our conclusion is bolstered by the underlying rationale for the common-law knock-and-announce rule. Generally, the rule serves several fundamental interests including “(1) protecting law enforcement officers and household occupants from potential violence; (2) preventing the unnecessary destruction of private property; and (3) protecting people from unnecessary intrusion into their private activities.” United States v. Sagaribay, 982 F.2d 906, 909 (5th Cir.1993). In Wilson, the Supreme Court explained that the rule “was justified in part by the belief that announcement generally would avoid ‘the destruction or breaking of any house ... by which great damage and inconvenience might ensue[.]’ ” 514 U.S. at 935-36 (quot *152 ing Semayne’s Case, 5 Co. Rep. 91a, 91b, 77 Eng. Rep. 194, 196 (K.B.1603)). The rule is also intended to protect against intrusions occasioned by law enforcement officers’ mistakes. See Ker v. California, 374 U.S. 23, 57, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963) (noting that the knock-and-announce rule is also based on such practical considerations as the possibility that police may be misinformed as to the name or address of the suspect) (Brennan, J., dissenting).
By limiting the requirement that police should knock and announce their presence and intentions only in situations where they actually break into a house undermines the interests protected by the knock-and-announce rule. First, allowing the police to attempt entry into a home before announcing their presence heightens the possibility that the occupants of a house will react violently against the unknown aggressor, particularly if they resemble highwaymen in ski masks. Second, permitting the police to attempt an unannounced forcible entry subverts the interest in protecting private property. Finally, attempting entry without warning precludes the officers’ ability to recognize possible mistakes in identity or location of the suspect or the place to be searched.
Therefore, our previous analysis in Fike no longer serves as the basis for assessing attempted forcible entries under the knock-and-announce rule. Rather, the reasonableness test outlined by the Supreme Court in Richards applies with equal force to attempts at forcible entry as it does to the actual breaking and entering of a person’s home. See also United States v. Gable, 401 F.2d 765, 766 (3rd Cir.1968) (holding that insertion of a crowbar into the door of a suspects house by officers before they announced their presence constitutes an unreasonable search); United States v. McCloud, 127 F.3d 1284, 1289 n. 2 (10th Cir.1997) (concluding that the reference point for the reasonableness determination begins prior to the officers’ initial attempt to gain entry); Kornegay v. Cottingham, 120 F.3d 392, 396 (3rd Cir.1997) (maintaining that law enforcement officers are required to announce their presence before attempting forcible entry); United States v. Markling, 7 F.3d 1309, 1318 (7th Cir.1993) (concluding that officers must announce their presence and wait for a brief period before attempting entry).
The requirement that law enforcement officers announce their presence is flexible and “should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests.” Wilson, 514 U.S. at 934, 115 S.Ct. 1914. Courts must determine whether an unannounced entry is reasonable under the particular circumstances of the case and in light of law enforcement’s actions as a whole. See id.; Jones, 133 F.3d at 361. In Richards, the Court set out the parameters of the reasonableness test:
In order to justify a “no-knock” entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous and futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence. This standard — as opposed to a probable-cause requirement — strikes the appropriate balance between the legitimate law enforcement concerns at issue in the execution of search warrants and the individual privacy interests affected by no-knock entries.
Richards, 520 U.S. at 394, 117 S.Ct. 1416. The Court rejected blanket rules allowing “no-knock” entries based on over-generalizations about today’s drug culture or other “general categories] of criminal behavior.” Id. at 392, 117 S.Ct. 1416. Instead, officers must at least articulate some reasonable suspicion that “knocking and announcing would be dangerous, futile, or destructive to the purposes of the investigation.” Ramirez, 523 U.S. at 71, 118 S.Ct. 992; United States v. Mendoza-Burciaga, 981 F.2d 192, 196 (5th Cir.1992). *153 See also United States v. Rodriguez, 663 F.Supp. 585, 588 (D.D.C.1987) (“In every case in which the courts have invoked the exigent circumstances exception, the police have testified that they, had some specific and immediately' ascertainable reason for fearing the loss of the desired evidence”).
In light of these principles, it is clear that the search of Mr. Cantu’s residence was unreasonable under Fourth Amendment analysis. The officers approached Mr. Cantu’s home in the middle of the night and immediately began prying open his door. The officers had no prior knowledge that Mr. Cantu or the occupants of his residence were armed or posed immediate danger. When the officers approached the mobile home, Mr. Cantu, his wife, and two children were asleep inside. The only movement in the home that could rise to the level of any suspicion that evidence was being destroyed occurred after the officers’ first attempt to gain entry.[1] Furthermore, the fact that the officers wore ski masks to execute the warrant reinforces the fact that the officers wanted to conceal their identity. Such law enforcement practices are clearly unacceptable. Therefore, without any articulation of reasonable suspicion that announcing their presence would be dangerous, futile, or would result in destruction of evidence, the officers’ initial attempt to forcibly enter Mr. Cantu’s home was unreasonable. Accordingly, we reverse the district court’s order denying his motion to suppress and remand for further proceedings consistent with this opinion.
REVERSE AND REMAND.

. We note that exigent circumstances created by the police will not justify an unannounced entry into a home. The movement inside Mr. Cantu's home could reasonably be attributed to the initial attempt to physically pry open the door to his mobile home. Such "manufactured exigent circumstances” do not form an adequate basis for dispensing with the announcement requirement, especially when the initial attempt itself is unreasonable. See United States v. Rico, 51 F.3d 495, 502 (5th Cir.1995); United States v. Richard, 994 F.2d 244, 248 (5th Cir.1993); United States v. Hultgren, 713 F.2d 79, 88 (5th Cir.1983).