IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40936
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID STRINGER, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:01-CR-20-1
--------------------
January 21, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     David Stringer, Jr., appeals his jury convictions for

conspiracy to possess with intent to distribute cocaine base and

for possession with intent to distribute cocaine base.  He argues

that the district court erred in denying his motion to suppress

evidence because the officers executing the search warrant

violated the "knock and announce" rule.  The district court did

not err in determining that circumstances existed which permitted

officers to enter Stringer's residence without knocking and

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

announcing themselves, including information that Stringer carried a handgun on his person during drug transactions, that Stringer had a prior conviction for kidnaping, and that officers reasonably believed that Stringer would have destroyed evidence if the officers had announced their presence. See United States v. Cantu, 230 F.3d 148, 151 (5th Cir. 2000).

Stringer argues that the evidence was insufficient to support his convictions. In view of the evidence presented at trial, a rational jury could have found that Stringer conspired with others to possess with intent to distribute cocaine base and that he possessed cocaine base with intent to distribute. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).

Stringer argues that the district court abused its discretion in denying his motion for a new trial based on newly discovered evidence that Ahaa Williams, a Government witness, tested positive for drug use on the day that she testified. Because Williams' trial testimony was cumulative and because Williams has not shown that the newly discovered evidence would probably have produced an acquittal, the district court did not abuse its discretion in denying Stringer's motion for a new trial. See United States v. Bowler, 252 F.3d 741, 747 (5th Cir. 2001).

AFFIRMED.