**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-40136
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD ROGER BUCHANAN,

Defendant-Appellant.

----------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:01-CR-228-1)
----------------------

Before JOLLY AND WIENER, Circuit Judges, and WALTER[*], District
Judge.

PER CURIAM:[**]

Defendant-Appellant Harold Buchanan appeals the district

court's ruling that evidence seized by the police in his home was

admissible.  Buchanan argues, on appeal, that although the police

were acting pursuant to a valid search warrant, the fact that they

failed to knock on his door and announce their presence, then wait

a sufficient amount of time before entering, renders the search

_____

[*] District Judge of the Western District of Louisiana, sitting
by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional. Because of the circumstances surrounding this search —— the apparent efforts of the police to make their presence known before entering, and the ability of the police to see the interior of the house and see the occupants therein through the entranceway —— we conclude that the search was legal and the evidence seized properly admitted at trial.

## I.  Facts and Proceedings

In August 2001 city police officers executed a search warrant at Buchanan's home in Beaumont, Texas. None question that the officers were acting pursuant to a valid search warrant, which authorized the officers to search Mr. Buchanan's home for narcotics. Although no drugs were discovered, police did find two firearms, which Buchanan admitted belonged to him. Because Buchanan is a felon, his possession of those guns violated 18 U.S.C. § 922(g)(1). After the district court denied his motion to suppress that evidence, Buchanan pleaded guilty to a one-count indictment charging him with a violation of § 922(g)(1), although he expressly reserved his right to appeal the district court's denial of his motion to suppress the evidence of the guns. Buchanan contends that the warrant at issue did not allow for a "no-knock" entry, so that the actions of the police do not fall within the limits of acceptability set by the Supreme Court for executing a search warrant at an occupied residence.

## II.  Analysis

A.   Standard of Review

In reviewing a decision whether to suppress evidence, we review conclusions of law de novo,[1] assessing the contested evidence in the light most favorable to the party who prevailed in the district court.[2]

B.   The Knock-and-Announce Requirement

In Wilson v. Arkansas, the Supreme Court stated that "in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment."[3]  Buchanan contends that because these officers did not actually knock on his door and were not refused entry, but rather, in his words, "simply burst into the residence," their actions were unreasonable under the standard laid down in Wilson as we have since interpreted it.  A review of the record demonstrates, however, that the circumstances surrounding the police entry into Buchanan's home render his argument untenable.

While advancing up the walk leading to Mr. Buchanan's front door, the police noticed that the inner wooden door was open and the outer screen door was closed but transparent.  Because the screen door had a see-through upper half, it was reasonable for the officers to believe that the individuals whom they saw inside the

---

[1] See United States v. Jones, 133 F.3d 358 (5th Cir. 1998).

[2] See United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994).

[3] 514 U.S. 927, 934 (1995).

residence could likewise see them as they lined up on the walkway in formation to execute the warrant. Testimony at the suppression hearing reflected that when the officers advanced toward the home (or immediately before starting) in close proximity to the door, the police "point man" yelled "Beaumont Police, Search Warrant." Approximately five seconds elapsed between this announcement and the officers' entry into the home. Additional evidence adduced at the hearing indicated that the police who executed this warrant were wearing bulletproof vests with three-inch day-glow lettering on the fronts (and four-inch lettering on the backs) reading "police." The officers also wore black shirts under their vests with "police" written in white on each sleeve. Finally, there was testimony that, through the front door, the officers could see individuals inside the home moving about, apparently after they realized that the officers were approaching to enter. The police did not use force to enter the home; instead, they simply opened the screen door and walked in past the open wooden door.

Under these discrete circumstances, we are convinced that the police actions were reasonable. <u>Wilson</u> itself explains that the knock-and-announce requirement is not "rigid," that "not...every entry must be preceded by an announcement," and that "law enforcement interests" should be considered in the reasonableness calculation.[4] In <u>Richards v. Wisconsin</u>, the Supreme Court

---

[4] <u>Wilson</u>, 514 U.S. at 934-36.

reaffirmed these principles and gave specific examples of situations in which an unannounced entry might be reasonable:

> In order to justify a "no-knock" entry, the police must have a reasonable suspicion that <u>knocking and announcing their presence</u>, under the particular circumstances, <u>would be</u> dangerous or <u>futile</u>, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.[5]

We expressly embraced these principles in <u>United States v. Cantu</u>.[6]

Inasmuch as (1) the police announced their presence as they approached the home, (2) the persons inside appeared to notice, through the screen door, the arrival of the police, and (3) the officers could see movement inside the home after those inside appeared to notice them, the police had a legitimate, reasonable concern for the preservation of evidence. And, the officers' clothing itself made clear that they were police.

We do not apply the knock-and-announce rule in a rote fashion; its purpose is to allow residents of a home an opportunity to respond to and cooperate with the police presence in lieu of having to face an unexpected and threatening intrusion. The facts in this case make clear that the police afforded Buchanan that opportunity, albeit under a factual variation necessitated by the circumstances encountered by the officers at the scene. We will not require the meaningless formalism of a knock and an additional delay under these circumstances.

---

[5] 520 U.S. 385, 394 (1997)(emphasis added).

[6] 230 F.3d 148 (5th Cir. 2000).

5

### III. Conclusion

For the foregoing reasons, the decision of the district court denying Buchanan's suppression motion is

AFFIRMED.