**Lawrence Richard BEDFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–02–296–CR.

Court of Appeals of Texas,
Waco.

Feb. 4, 2004.

Rehearing Overruled Feb. 25, 2004.

Craig M. Greaves, Bryan Stacy & Dillard, L.L.P., Bryan, for Appellant/Relator.

James M. Kuboviak, Brazos County District Attorney, Bryan, for Appellee/Respondent.

Before Chief Justice TOM GRAY, Justice VANCE, and Justice REYNA.[1]

## OPINION

TOM GRAY, Chief Justice.

Lawrence Richard Bedford pled guilty to possession of marijuana and possession of a controlled substance. Pursuant to a plea bargain, the trial court sentenced Bedford to 180 days in jail and a $2,000 fine for the marijuana charge. The sentence was suspended, and the trial court placed Bedford on community supervision for two years. Also pursuant to a plea bargain, the trial court sentenced Bedford to 365 days in jail and a $4,000 fine for the controlled substance charge. Again, the sentence was suspended, and Bedford was placed on community supervision for two years. We affirm.

### BACKGROUND

A confidential informant provided the Brazos Valley Narcotics Task Force with information that the occupants of a residence possessed marijuana and drug paraphernalia and sold marijuana out of the residence. One of the occupants was known, the other was unknown to the informant. Craig Boyett obtained a search warrant for the residence. At seven o'clock in the morning, the search warrant was executed by forced entry. Based on the description given by the informant,

---

1. This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. *See* TEX.R.APP. P. 41.1(c). Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the court.

Bedford was identified as the unknown occupant.

Bedford filed a motion to suppress, arguing that the officers were not justified in dispensing with the common law requirement of a knock and announcement of police presence and purpose prior to the entry into a home. After testimony, argument, and briefs, the trial court denied Bedford's motion. He then entered a plea of guilty to the charges against him. Bedford appeals the denial of his motion to suppress.

## MOTION TO SUPPRESS

A trial court's denial of a motion to suppress is reviewed for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App.1999). As a general rule, the appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The appellate courts should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* We may review de novo "mixed questions of law and fact" not falling within this category. *Id.* The application of relevant law, including search and seizure law, is reviewed de novo. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000).

### *"No-Knock" Entry*

Bedford contends in his sole issue on appeal that the trial court erred in concluding that the Task Force's entry into his residence did not violate the "knock and announce" rule. Specifically, he contends that there was no evidence that a "no-knock" entry was justified due to the threat of violence or the destruction of evidence. We disagree.

### APPLICABLE LAW

■ The common law requires police to knock and announce their presence and purpose prior to entering a home to search and/or arrest. The announcement must be made before any attempt at forcible entry. *See Richards v. Wisconsin*, 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997); *United States v. Cantu*, 230 F.3d 148, 151–152 (5th Cir.2000).

In 1995, the United States Supreme Court, for the first time, held that the common law "knock and announce" rule forms a part of the reasonableness inquiry of a search and seizure under the Fourth Amendment of the United States Constitution. *Wilson v. Arkansas*, 514 U.S. 927, 930, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). The Fourth Amendment applies to state government officials through the Fourteenth Amendment. In *Wilson*, the police entered the defendant's home by opening a screen door without first announcing their presence. *Id.* at 929, 115 S.Ct. 1914. Once inside, the officers seized marijuana, methamphetamine, Valium, narcotics paraphernalia, a gun, and ammunition. *Id.* Although *Wilson* incorporated the knock-and-announce rule into the Fourth Amendment, it left unidentified the circumstances under which the failure to knock and announce would be justified. *Id.* at 936, 115 S.Ct. 1914. This fact intensive question was left to the lower courts. *Id.*

■ Two years later, the Supreme Court addressed the Wisconsin Supreme Court's conclusion that exigent circumstances justifying a no-knock entry are always present in felony drug cases. *Richards v. Wisconsin*, 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). In

rejecting the Wisconsin court's blanket exception, the Supreme Court adopted a justification, holding:

> In order to justify a "no-knock" entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.

*Id.* at 394, 117 S.Ct. 1416. The court reasoned that "this standard—as opposed to a probable-cause requirement—strikes the appropriate balance between the legitimate law enforcement concerns at issue in the execution of search warrants and the individual privacy interests affected by no-knock entries." *Id.* The reasonable suspicion showing is not high, but the police should be required to make it whenever the reasonableness of a no-knock entry is challenged. *Id.* at 394–395, 117 S.Ct. 1416; *Brown v. State,* 115 S.W.3d 633, 638 (Tex. App.-Waco 2003, no pet.). Reasonableness is evaluated at the time of the entry. *Richards,* 520 U.S. at 395, 117 S.Ct. 1416.

*FACTS*

In his motion to suppress, Bedford challenged the reasonableness of the officers' no-knock entry. Thus, it was the State's burden to justify the reasonableness of the entry. Bedford first called Brian Bachman, a deputy with the Brazos County Sheriff's Department, as a witness. Bachman testified that he is currently assigned to the Brazos Valley Narcotics Task Force and that he helped execute the search warrant where Bedford was arrested. Bachman testified that he had no information on the suspects other than what was in the search warrant; that he had not heard whether the suspects were violent; that he did not recall hearing whether the suspects had weapons; and that he had no reason to believe the suspects were disposing of evidence.

He further testified that he was either the third or fourth person in the residence and that normally when executing a "hard entry," someone will check the door to determine whether it is locked, and if so, another person will use a battering ram to forcibly open the door. Bachman acknowledged that no one knocked on the front door and announced police presence prior to ramming the door. He stated that the announcement was made simultaneous to ramming the door. After entry was made, Bachman stated that he came to a closed bedroom door, opened it and turned on the light. He testified that Bedford was in the room, laying on a couch and was just beginning to wake up from the commotion.

Craig Boyett, the author of the probable cause affidavit, was aware that the College Station Police Department had been to Bedford's residence on at least two prior occasions and had made drug arrests on those occasions. Bedford's co-defendant, and co-resident, had been arrested during at least one of those contacts. A confidential informant told Boyett that he had been to Bedford's residence within the last 36 hours and had seen marijuana and drug paraphernalia at the residence. The informant also told Boyett that marijuana had been sold from the residence.

Boyett testified that he had no reason to suspect that Bedford or anyone else at the residence would be violent when the police made entry. He also stated that he heard nothing that would lead him to believe that the suspects were in the process of destroying evidence. However, Boyett testified that because of previous drug arrests at the residence, he had reason to believe that the suspects would destroy any evidence had the police announced their presence before ramming the door. He further explained that based on his ex-

perience, people who have been arrested before are more likely to destroy evidence and marijuana is most commonly destroyed by flushing it down the toilet. Boyett affirmed that the reason for the no-knock entry was his belief that the residents would destroy the evidence.

*APPLICATION*

As the Supreme Court noted, the burden of showing a justification for a no-knock entry is not high. Boyett testified that under the circumstances of this particular case, he believed evidence would be destroyed if they had announced their presence before making a forced entry. Based on the case-law, this testimony is sufficient to establish justification for dispensing with the common law requirement to knock and announce police presence and purpose prior to entering a home to search and/or arrest.

## CONCLUSION

Because the forced entry was justified, the trial court did not err in denying Bedford's motion to suppress. The trial court's judgment is affirmed.

Justice VANCE dissenting.

BILL VANCE, Justice, dissenting.

The majority has failed to correctly apply *Richards* and *Wilson,* and to follow our recent decision in *Brown v. State.* Accordingly, I respectfully dissent.

The officers testified that they had no reason to suspect that the occupants of the house would violently resist them. Therefore, that cannot serve as justification for the no-knock entry. *Richards v. Wisconsin,* 520 U.S. 385, 394, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615 (1997); *Wilson v. Arkansas,* 514 U.S. 927, 936, 115 S.Ct. 1914, 1919, 131 L.Ed.2d 976 (1995). The remaining possibility is fear that the occupants of the house might destroy the illegal drugs be-

fore the officers gained entry. *Id.* But the central message of *Richards* is: the fact that a search involves illegal drugs cannot alone serve as a justification for that fear and to support a no-knock entry. *Richards,* 520 U.S. at 394, 117 S.Ct. at 1421. There must be another reason to support "a reasonable suspicion that knocking and announcing ... under the particular circumstances" would be dangerous or allow the destruction of evidence. *Id.* A "reasonable suspicion" requires less support than that for probable cause. *Id.,* 520 U.S. at 394–95, 117 S.Ct. at 1421–22. It is evaluated as of the time of the no-knock entry. *Id.,* 520 U.S. at 395, 117 S.Ct. at 1422.

Here, the only other reason presented at the suppression hearing was that, on two previous occasions, local police had gone to the house and made arrests for marijuana; Bedford was not one of those arrested. The logic is that, when there have been previous arrests for illegal drugs at a location, it is more probable that, during later searches at that location, occupants will attempt to destroy evidence. The manner of entry into the house on the two previous occasions was not brought out at the hearing. However, there was no testimony that on those occasions any occupants had attempted to destroy evidence. In addition, there was no other evidence that, "under the particular circumstances," occupants would attempt to destroy evidence. An officer testified that he believed that attempted destruction was more likely because of two previous incidents at the house. But this is little more than a suspicion, and it is not the sort of evidence supporting a "reasonable suspicion under the particular circumstances" contemplated by *Richards. Id.*

We recently reversed a similar case because "a general statement by one of the officers that if they did not knock and

announce, it was because they were concerned about destruction of the evidence" was not adequate to support the no-knock entry. *Brown v. State,* 115 S.W.3d 633, 639 (Tex.App.-Waco, 2003, no pet.). The two previous incidents at the house were the only additional support offered in the present case to justify a no-knock entry. But the fact there was no evidence that during those incidents occupants had attempted to destroy evidence weighs as much in favor of requiring knocking and announcing as the existence of the incidents weighs in favor of not requiring knocking and announcing.

Considering all the evidence, there is insufficient support for a "reasonable suspicion under the particular circumstances" that evidence would be destroyed if the officers knocked and announced. Accordingly, I would find that the trial court abused its discretion in denying the suppression motion. The judgment should be reversed and the evidence obtained during the search should be excluded. Because the majority does neither, I dissent.