United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-20503
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLY DAHER,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-314-1

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Charly Daher appeals his conviction for possession with intent to distribute 5 grams or more of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 860(a). Daher argues that the district court clearly erred in denying his motion to suppress the evidence seized at his home because the police did not knock and announce their presence before forcibly entering in violation of 18 U.S.C. § 3109 and the Fourth

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment.

In reviewing the denial of a motion to suppress made after a pretrial hearing, we review the district court's factual findings, including its credibility choices, for clear error, and we view the evidence in the light most favorable to the prevailing party.[1] "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed.'"[2] When findings rest on the credibility of witnesses, "even greater deference to the trial court's findings" is warranted.[3] If the district court's account of the evidence is plausible in light of the record, we may not reverse it.[4]

Daher argues that the district court's credibility determination that the police knocked and announced before entering his home was clearly erroneous. He claims that one of the officers, Officer Pudafin, admitted on cross-examination that there was no knock and announcement. The single question and answer on

---

[1]*See United States v. Solis*, 299 F.3d 420, 435 (5th Cir. 2002); *United States v. Cantu*, 230 F.3d 148, 150 (5th Cir. 2000).

[2]*In re Missionary Baptist Foundation of America*, 712 F.2d 206, 209 (5th Cir. 1983) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[3]*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985).

[4]*Id.* at 573-74.

which Daher relies, however, were at best ambiguous.[5]  Officer Pudafin and two other officers affirmatively and clearly testified that they knocked and yelled and then waited 15 to 20 seconds before entering Daher's home.  The district court concluded based on the testimony and evidence that the officers knocked and announced before entering.  The court's account of the evidence was plausible, and we will not second-guess the court's credibility determinations.[6]

In his brief, Daher also requested that we hold this appeal in abeyance until the Supreme Court decides *United States v. Banks*.[7] The Supreme Court recently issued its decision, concluding that police officers did not act unreasonably in waiting only 15 to 20 seconds after a single knock and announcement before forcibly entering a defendant's home.[8]  Daher has not argued on appeal, and did not argue before the district court, that the police waited an unreasonably brief period of time before entering his home, and *Banks* is therefore inapposite.

---

[5]On cross-examination, Officer Pudafin was asked whether "anywhere in that report that I just handed back to you is it indicated who knocked and announced or, in fact, did anyone knock and announce that morning?"  He responded "no."

[6]*Anderson*, 470 U.S. at 573-74; *United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997).

[7]*United States v. Banks*, 282 F.3d 699 (9th Cir. 2002), *cert. granted*, 123 S.Ct. 1252 (2003).

[8]*United States v. Banks*, 124 S.Ct. 521 (2003).

Because we find that the district court did not clearly err in refusing to suppress the evidence seized, we affirm the district court's judgment.

AFFIRMED.