United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50229
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

ISRAEL T HERNANDEZ

                    Defendant - Appellant

                ---------------------
        Appeal from the United States District Court
            for the Western District of Texas
                 USDC No. 7:04-CR-129-ALL
                ---------------------

Before KING, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     After his motion to suppress evidence seized during a search
of his residence was denied, Israel T. Hernandez entered a
conditional guilty plea to count 1 of an indictment charging him
with possession with intent to distribute 50 grams or more of
cocaine base.  Hernandez was sentenced to a 172-month term of
imprisonment and to a five-year period of supervised release.
Hernandez gave timely notice of his appeal.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court held that the officers executing the warrant reasonably believed that the warrant authorized them to enter Hernandez's residence without knocking and announcing their presence. See United States v. Cantu, 230 F.3d 148, 151–52 (5th Cir. 2000) (discussing knock-and-announce rule). Hernandez contends that the officers could not reasonably rely on the warrant because it did not expressly authorize a no-knock entry.

We review the district court's fact findings for clear error and its legal conclusions de novo. See id. at 150. A two-step process is followed in "reviewing a district court's denial of a motion to suppress when a search warrant is involved." United States v. Cherna, 184 F.3d 403, 407 (5th Cir. 1999). If the good-faith exception to the exclusionary rule announced in United States v. Leon, 468 U.S. 897 (1984), applies at the first step, however, the analysis is at an end and the district court's ruling should be affirmed. Cherna, 184 F.3d at 407.

Under the good-faith exception, "the Fourth Amendment does not require the suppression of evidence obtained as a result of objectively reasonable reliance on a warrant, even if the warrant is subsequently invalidated." Id. In this case, the search warrant affidavit recited that Hernandez had a "past history of assaultive behavior, including aggravated assault, resisting arrest, and obstructing police." The affiant requested a "no-knock clause . . . to ensure safety of the officers executing the search warrant." The warrant stated that the search warrant

affidavit "on the reverse side hereof" had been presented to the judicial officer and stated that "said affidavit is here now made part hereof for all purposes." The warrant stated also that the judicial officer found that the affiants had "probable cause for the belief they express therein and establish existence of proper grounds for issuance of this warrant."

Insufficient particularity in a search warrant may be cured by incorporation by reference of the search warrant affidavit submitted in support of the warrant if the affidavit is physically attached to the warrant. See United States v. Beaumont, 972 F.2d 553, 560-61 & n.11 (5th Cir. 1992). In this case, the affidavit made part of the warrant stated with sufficient particularity the reasons for requesting authorization to enter the residence without knocking and announcing. The officers' reliance on the warrant was not unreasonable. The judgment is

AFFIRMED.