United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 05-10483
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSEPH DANIEL ANDERSON III,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Northern District of Texas
(3:03-CR-330-ALL)**

---

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joseph Daniel Anderson III entered a conditional guilty plea to being a felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e). Anderson reserved the right to appeal the denial of his motion to suppress evidence seized during a warrantless search of his motel room during the course of a "knock and talk" investigation. Such procedure is a reasonable investigative tool when officers suspect, but do not know, that the occupant is engaged in criminal activity. ***United States v. Jones***,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

239 F.3d 716, 720–21 (5th Cir.), *cert. denied*, 534 U.S. 861 (2001).

For reviewing the denial of a suppression motion, the district court's factual findings are reviewed for clear error, viewing the evidence in the light most favorable to the Government. *E.g.*, **United *States v. Cantu***, 230 F.3d 148, 150 (5th Cir. 2000). The district court's legal conclusions, including its ultimate conclusion that the search was reasonable under the Fourth Amendment, are reviewed *de novo*. **Id**.

Anderson claims: (1) the police officers did not identify themselves prior to knocking on his motel room door; and (2) he did not voluntarily consent to the room's being searched. Anderson did not, however, have a reasonable expectation of privacy in the public area outside that room. *See* **United States v. Hamilton**, 931 F.2d 1046, 1050–51 (5th Cir. 1991). Fourth Amendment scrutiny is not triggered by the knock on the door because Anderson responded voluntarily. *See* **United States v. Ervin**, 907 F.2d 1534, 1539 n.7 (5th Cir. 1990); *see also* **United States v. Washington**, 387 F.3d 1060, 1063 n.2 (9th Cir. 2004); **United States v. Jerez**, 108 F.3d 684, 691 (7th Cir. 1997). **Wilson v. Arkansas**, 514 U.S. 927, 934 (1995), cited by Anderson, does not require that officers announce their presence prior to knocking. Anderson opened the door voluntarily. On seeing the officers, he knew they were uniformed police officers. *See* **Jones**, 239 F.3d at 720.

Lacking a warrant, the officers could not enter the room except with consent or in exigent circumstances. *See* **United States**

*v. Gould*, 364 F.3d 578, 587 n.9 (5th Cir.) (en banc), *cert. denied*, 125 S. Ct. 437 (2004).  The district court found that the search of the room was justified by exigent circumstances; in plain view were a pistol (within easy reach) and narcotics.  *See* **Jones**, 239 F.3d at 720.  Anderson's contentions with respect to this finding are based upon his own testimony about the underlying events, which the district court found was not credible.  The district court's findings, viewed in the light most favorable to the Government, were not clearly erroneous.  *See* **Cantu**, 230 F.3d at 150.

*AFFIRMED*