**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-31066
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK A. WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-215-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Derrick A. Wilson appeals his guilty-plea conviction for being a felon in possession of a firearm, arguing that the district court should have suppressed the weapon because his *Terry*[1] stop was not justified by reasonable suspicion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

We review the district court's factual findings for clear error,[2] and the legality of Wilson's investigative stop de novo.[3]

Police officers may detain individuals briefly on the street, absent probable cause for arrest, "as long as they have a reasonable suspicion that criminal activity is afoot."[4]  Reasonable suspicion must be based on "specific and articulable facts," and the facts must "be judged against an objective standard."[5] Based on the totality of the circumstances,[6] we hold that the officers' suspicion that criminal activity was afoot was reasonable.  The officers, who were hired to secure a private parking lot located in a high-crime area, observed Wilson walking in between the parked cars at night concealing something beneath his shirt.  Upon noticing the police, Wilson nervously attempted to evade them. These facts objectively gave the officers reasonable suspicion sufficient to effectuate a constitutional stop.[7]

AFFIRMED.

---

[2] *See United States v. Cantu*, 230 F.3d 148, 150 (5th Cir. 2000).

[3] *See United States v. Jaquez*, 421 F.3d 338, 341 (5th Cir. 2005).

[4] *United States v. Baker*, 47 F.3d 691, 693 (5th Cir. 1997).

[5] *Id.* (quoting *Terry*, 392 U.S. at 21) (internal quotation marks omitted).

[6] *United States v. Grant*, 349 F.3d 192, 197 (5th Cir. 2003).

[7] *See Illinois v. Wardlow,* 528 U.S. 119, 124 (2000); *Baker*, 47 F.3d at 693.