# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40810

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JUAN ANTONIO COMPIAN,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-1045-1

Before KING, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

On December 4, 2016 near Falfurrias, Texas, U.S. Border Patrol Agent Josh Blanton observed suspicious driving activity from the vehicle driven by defendant Juan Antonio Compian. A subsequent traffic stop and search of Compian's vehicle revealed the presence of two illegal aliens. Compian entered a conditional guilty plea to one count of transporting an illegal alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40810

1324(a)(1)(B)(ii).  Compian reserved his right to appeal the district court's denial of his motion to suppress the evidence discovered during Blanton's traffic stop.  Specifically, Compian now claims his consent given to Blanton to conduct the search was involuntarily given.

"When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action *de novo*." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).  "Factual findings are clearly erroneous only if a review of the record leaves this Court with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (quoting *United States v. Hernandez*, 279 F.3d 302, 306 (5th Cir. 2002)).  A district court's denial of a motion to suppress should be upheld "'if there is any reasonable view of the evidence to support it.'" *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (quoting *United States v. Register*, 931 F.2d 308, 312 (5th Cir. 1991)).

The voluntariness of consent is a fact question reviewed for clear error. *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002).  In assessing the voluntariness of consent, this Court considers six non-dispositive factors: (1) the voluntariness of the defendant's custodial status, (2) the presence of coercive police procedures, (3) the extent and level of the defendant's cooperation with the police, (4) the defendant's awareness of his right to refuse to consent, (5) the defendant's education and intelligence, and (6) the defendant's belief that no incriminating evidence will be found. *United States v. Mendez*, 431 F.3d 420, 429 (5th Cir. 2005) (citing *United States v. Olivier-Becerril*, 861 F.2d 424, 426 (5th Cir. 1988)).  On appeal, Compian only argues that the district court clearly erred in weighing the second factor, the presence of coercive police procedures, in favor of voluntariness.

2

No. 17-40810

It is disputed in the record whether Compian consented to Blanton's search before or after Blanton secured Compian in handcuffs in the back of Blanton's patrol car. The district court's finding that Compian was handcuffed after he gave consent is plausible, in light of Blanton's contradictory testimony as between direct examination and cross-examination. This is the type of "contradictory testimony" that is "a credibility choice for the district court" to make. *United States v. Kelley*, 981 F.2d 1464, 1471 n.6 (5th Cir. 1993). This deference is particularly apt in the context of our review of a district court's denial of a motion to suppress, which we "view . . . in the light most favorable to the party that prevailed below." *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010) (citing *United States v. Cantu*, 230 F.3d 148, 150 (5th Cir. 2000)). Furthermore, Compian concedes that handcuffing does not necessarily "preclude his consent from being taken." *United States v. Ramirez*, 106 F.3d 397 (5th Cir. 1997) (unpublished).

Compian has failed to meet his burden. The district court did not clearly err in finding that Compian's consent was voluntarily given. AFFIRMED.

3