# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2022

Lyle W. Cayce
Clerk

No. 21-30102
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT T. KIMBROUGH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-365-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Robert T. Kimbrough entered a conditional plea of guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and to possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). He was sentenced to, *inter alia*, a within-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30102

Sentencing-Guidelines term of 120 months' imprisonment.   He challenges: the district court's declining to suppress evidence of the firearms that formed the basis of his convictions; the procedural reasonableness of his sentence; and its substantive reasonableness.

As for Kimbrough's suppression challenge, the firearms were found pursuant to a search of his girlfriend's apartment, following her verbal and written consent.  She and the four law enforcement officers involved in the search testified at a suppression hearing.  The court found, *inter alia*, the girlfriend's testimony about her encounter with the officers generally was not credible.  As he did in district court, Kimbrough contends:  his girlfriend's consent was not voluntary; and, therefore, the firearms should have been suppressed.

Evidence from a suppression hearing is viewed in the light most favorable to the prevailing party, *United States v. Cantu*, 230 F.3d 148, 150 (5th Cir. 2000), affording special deference to factual findings made based on live testimony, *see United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005). Six factors are used for deciding whether consent was voluntarily given:  the custodial status of the person giving consent; whether law enforcement used coercive procedures; to what extent and level the person giving consent cooperated with law enforcement; the person's "awareness of his right to refuse consent"; the person's intelligence and education; and the person's "belief that no incriminating evidence will be found".  *United States v. Wise*, 877 F.3d 209, 222 (5th Cir. 2017) (concluding interactions with law enforcement consensual).

Citing facts based on the suppression-hearing testimony, the court found:  each of the above-mentioned voluntariness factors weighed in the Government's favor; and the girlfriend's consent was valid.  Viewing the suppression-hearing evidence in the requisite light most favorable to the

No. 21-30102

Government, as the prevailing party, the court's findings about the girlfriend's credibility and the validity of her consent were not clearly erroneous. *See United States v. Olivier-Becerril*, 861 F.2d 424, 425–26 (5th Cir. 1988) (holding court did not clearly err in finding automobile search was voluntary).

Kimbrough also raises two other suppression challenges for the first time on appeal. Because he did not raise them in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

First, Kimbrough contends: the suitcase and backpack in which the firearms were found were his; and, therefore, even if his girlfriend had authority to consent to the search of her apartment, she lacked the authority to consent to a search for those two items. Kimbrough maintains that his girlfriend told officers that the suitcase and backpack were not hers. It is not clear from the record whether the girlfriend disavowed ownership of the suitcase and backpack, or whether she disavowed only ownership of the firearms and drugs that were found in them. Even assuming she disavowed ownership of the suitcase and backpack, the record does not establish whether she did so before, or after, the firearms were found. Accordingly, Kimbrough cannot show the court committed reversible plain error. *See United States v. Jaras*, 86 F.3d 383, 389–90 (5th Cir. 1996) (concluding individual lacked authority to consent to search of luggage located in automobile's trunk that individual specifically identified as defendant's).

No. 21-30102

Second, Kimbrough asserts the court failed to recognize that the consent form the girlfriend signed was valid only for the search of a vehicle. Even assuming the written, revised consent form was flawed, the court did not commit reversible plain error because Kimbrough cannot show his substantial rights were affected: The girlfriend also gave valid oral consent to search her residence.

Kimbrough next challenges both the procedural and substantive reasonableness of his sentence. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Turning first to Kimbrough's procedural-reasonableness challenge, the firearms and drugs found in the girlfriend's apartment also formed the basis for Kimbrough's state firearm-and-drug charges. Kimbrough pleaded guilty to those charges and was sentenced to: five years' imprisonment on the firearm charge; and four years' on the drug charge. On the same day Kimbrough was sentenced for those convictions, he was also sentenced, on an unrelated state conviction for second-degree battery, to four years' imprisonment. The state court ordered the three sentences to run concurrently.

No. 21-30102

In this case, the court sentenced Kimbrough to: 120 months' imprisonment on the felon-in-possession count; and 60 months' imprisonment on the possessing-a-firearm-with-an-obliterated-serial-number count. The court ordered the federal sentences to run: concurrently with one another; and consecutively to the three state sentences.

Kimbrough contends: Because the state firearm and drug sentences were for conduct relevant to the federal offenses, the court should have ordered his federal sentence to run concurrently, and not consecutively, with his state sentences under Guideline § 5G1.3(b) (imposition of a sentence on defendant subject to undischarged term of imprisonment or anticipated state term of imprisonment). The parties dispute whether Kimbrough's procedural-reasonableness challenge is properly preserved.

No authority need be cited for the rule that we, not the parties, decide the standard of review. In any event, for the reasons that follow, he cannot show error in the court's application of that Guideline; therefore, his claim fails regardless of whether the issue was preserved. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (pretermitting resolution of standard of review because challenge failed under any standard).

If a prison term results from an offense that is treated as relevant conduct to the instant offense, the Guidelines dictate: the sentence for the instant offense shall run concurrently with the remainder of the undischarged prison term; and the court should adjust the sentence for time served on the undischarged term if it determines that that time would not be credited by the Bureau of Prisons. Guideline § 5G1.3(b). As the district court and both parties recognized, a straightforward application of § 5G1.3(b) was complicated by the fact that, at the time of Kimbrough's federal sentencing, he was also serving an undischarged four-year sentence for the unrelated state battery offense. "Subsection (b) does *not* apply in cases in which the

5

prior offense was not relevant conduct to the instant offense". Guideline § 5G1.3, cmt. n.2(B) (emphasis added).

The language used by the court at sentencing makes clear that, instead of sentencing Kimbrough under that Guideline, it sentenced him under the policy statement in Guideline § 5G1.3(d). As relevant here, that Guideline applies when: only part of the prior offense is relevant conduct; or the case's facts are complex and involve multiple undischarged sentences. Guideline § 5G1.3(d), p.s., & cmt. nn.2(A) & 4(D). A court may impose the sentence for the instant offense "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense". Guideline § 5G1.3(d), p.s. Both the § 5G1.3(d) policy statement and the plain language of 18 U.S.C. § 3584 (multiple sentences of imprisonment) authorized the court to impose the sentence as it did.

As for his substantive-reasonableness challenge, Kimbrough, noting he received the maximum punishment on both of his federal convictions, contends that his federal sentence's being consecutive to his state sentence for the same conduct effectively imposes a sentence that exceeds the statutory maximum. As discussed above, review of this preserved challenge is for abuse of discretion. *See Gall*, 552 U.S. at 51.

Kimbrough's federal sentence was lawful and fell within the properly calculated Guidelines sentencing range. *See Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019) ("[A] State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen".). Accordingly, Kimbrough's sentence receives a presumption of reasonableness that he fails to rebut. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (noting our "court applies a rebuttable presumption of reasonableness to a properly

No. 21-30102

calculated, within-[G]uidelines sentence"); *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006) (holding "rebuttable presumption of reasonableness also applies to a consecutive sentence imposed within the parameters of the [Guidelines]").

AFFIRMED.