# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2023

Lyle W. Cayce
Clerk

No. 21-50738

United States of America,

*Plaintiff—Appellee*,

*versus*

Jimel Edward Harris,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-122-1

Before Smith, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jimel Harris entered a conditional guilty plea of possession with intent to distribute a quantity of 5F-AMB, otherwise known as "synthetic marihuana," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Harris appeals the district court's decision not to suppress the evidence of a search. Because the district court did not plainly err, we affirm.

---

[*] This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 21-50738

## I.

Per a state-issued search warrant containing allegations from a confidential informant that Harris possessed crack cocaine, law enforcement searched a hotel room where Harris was present. The search yielded 6.9 ounces of synthetic marihuana, cash, cell phones, and a digital scale with cocaine residue.

Harris moved to suppress all evidence seized. He posited that the search warrant affidavit was "bare bones," so the good faith exception to the exclusionary rule did not apply, and that the issuing judicial officer lacked a substantial basis for believing there was probable cause for the search. In his report and recommendation, the federal magistrate judge denied Harris's motion, finding that the good faith exception applied because the warrant was more than bare bones. The report stated that a confidential informant had contacted the affiant detective, had previously provided reliable information, was familiar with cocaine, and had seen cocaine in Harris's hotel room within the previous forty-eight hours.[1]

---

[1] The affidavit stated, in pertinent part,

Within the 48-hour period preceding the preparation of this affidavit, your Affiant received information from a reliable and confidential informant .... Your affiant knows the informant has provided information in the past which has proven reliable and credible. The informant has provided your affiant and other police officers with information in the past which has lead [sic] to arrests of person(s) for narcotics related offenses including offenses involving cocaine. The informant has demonstrated to your affiant that they know what cocaine looks like, how it is sold, how it is used, how it is packaged, and understand the various quantities and weight of cocaine as it is trafficked on the street. The informant has provided your affiant with information documented in this affidavit which your affiant verified through independent investigation.

Within the 48-hour period preceding the preparation of this affidavit, a Confidential Informant (CI) working for the Killeen Police Department Organized Crime Unit had observed a quantity of Cocaine, described by the CI as several crack rocks inside the [hotel room]. The CI said he/she

2

No. 21-50738

No party filed an objection to the magistrate judge's report, and finding no clear error, the district court adopted the report and denied the motion to suppress. Harris entered a conditional guilty plea, reserving his right to challenge the denial of his motion to suppress. He timely appeals.

## II.

When reviewing the denial of a motion to suppress, we review legal questions *de novo* and factual findings for clear error. *United States v. Gentry*, 941 F.3d 767, 779 (5th Cir. 2019). We view the evidence in the light most favorable to the prevailing party; here, that party is the government. *See United States v. Cantu*, 230 F.3d 148, 150 (5th Cir. 2000). We may uphold the district court's decision "on any basis established by the record." *United States v. Charles*, 469 F.3d 402, 405 (5th Cir. 2006).

Despite being notified of the consequences of failing to raise timely objections, Harris concedes he failed to object to the magistrate judge's report and recommendation. Thus, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, Harris must show a clear and obvious error that has not been affirmatively waived and affects his substantial rights. *Id.* Even if he makes that showing, we use our discretion to correct the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

## III.

We look to the totality of the circumstances to determine whether an affidavit is bare bones. *United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994). And our judgment is made "in a common sense manner." *United*

---

has also identified Jimel Edward Harris, a black male, date of birth [**/**/****] by the use of un-named photographs.

No. 21-50738

*States v. Jackson*, 818 F.2d 345, 348 (5th Cir. 1987) (internal quotation marks and citation omitted). "'Bare bones affidavits typically contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause.'" *Gentry*, 941 F.3d at 780 (quoting *United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006)); *see also United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (approving of an affidavit that "provided the magistrate with facts, and not mere conclusions"). Nevertheless, an issuing magistrate can draw reasonable inferences from the affidavit, and the ultimate determination of the affidavit's sufficiency is entitled to great deference on review. *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987).

Through a totality-of-the-circumstances inquiry, the affidavit here provided more than conclusory statements or boilerplate. The affidavit averred that the confidential informant had provided reliable and credible information in previous narcotics investigations and had observed crack cocaine in the hotel room within the 48-hour period before execution of the affidavit. *See United States v. McKnight*, 953 F.2d 898, 904–05 (5th Cir. 1992) (approving an affidavit as sufficient to support the good faith exception on similar facts). The affidavit provided specific facts and circumstances that allowed the issuing judge to make a probable cause determination regarding the search of the hotel room.

Because affidavits must be construed in a common-sense manner, with great deference given to the issuing judge's probable-cause determination, we cannot reason that the district court erred, plainly or otherwise, in finding that the affidavit in the instant case was not bare bones. Therefore, the executing officer's reliance on the warrant was objectively reasonable and made in good faith, so the district court was correct to deny Harris's motion to suppress the evidence on that ground. *See Gentry*, 941 F.3d at 780. We

No. 21-50738

therefore need not reach the issue of whether the warrant was supported by probable cause.

AFFIRMED.