**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 97-40235
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

REGINALD WAYNE JONES,

Defendant-Appellant

Appeal from the United States District Court
For the Eastern District of Texas

January 20, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

**I.**

**FACTS & PROCEDURAL HISTORY**

Reginald Wayne Jones was charged in a three-count indictment with possession of crack cocaine with intent to distribute, possession of a firearm by a convicted felon, and possession of ammunition by a convicted felon. Jones filed a motion to suppress the evidence seized during the execution of a search warrant. At the suppression hearing, Detective Alton James Baise testified that he knocked on the door of Jones' apartment and shouted "Police.

1

Search Warrant." The officers got no response, and after waiting approximately 15 to 20 seconds, the officers entered the apartment. Detective Baise explained that, pursuant to office policy, officers wait no more than 20 seconds or so when executing a search warrant for cocaine to protect against the destruction of evidence. Jones did not dispute Detective Baise's testimony but argued that 15 to 20 seconds was not a reasonable period to expect an occupant to respond to an officer's potentially unexpected announcement.

The district court denied Jones' motion to suppress. The court found that the officers had complied with the "knock and announce" rule. The court noted that the evidence was undisputed that the officers knocked on the door, announced "Police. Search Warrant," waited 15 to 20 seconds, and then walked into the apartment. The court determined that 15 to 20 seconds was not an unreasonable period, given the possibility that any drugs in the apartment might be destroyed if the officers waited longer.

Thereafter, a jury convicted Jones of possession of crack cocaine with intent to distribute, possession of a firearm by a convicted felon, and possession of ammunition by a convicted felon. Jones timely appealed to this Court challenging the denial of his motion to suppress and the sufficiency of the evidence to support his conviction.

## II.

### MOTION TO SUPPRESS

Jones argues that the "knock and announce" rule applies to state officers and that these officers did not comply with the "knock and announce" rule because they waited only 15 to 20

**2**

seconds before entering the residence after knocking and announcing their presence. Jones contends that there were no exigent circumstances to justify their entry before he responded.

When the district court makes factual findings following a pretrial hearing on a motion to suppress, this court reviews such findings for clear error, viewing the evidence in the light most favorable to the party that prevailed in the district court. *United States v. Inocencio*, 40 F.3d 716, 721 (5th Cir. 1994). Conclusions of law are reviewed *de novo*. *United States v. Cardenas*, 9 F.3d 1139, 1146 (5th Cir. 1993). The ultimate determination whether the search or seizure was reasonable under the Fourth Amendment is reviewed *de novo*. *United States v. Seals*, 987 F.2d 1102, 1106 (5th Cir. 1993); *United States v. Moser*, 123 F.3d 813, 823 (5th Cir. 1997), *petition for cert. filed*, (U.S. Nov. 3, 1997)(97-6618).

The Fourth Amendment protects people from unreasonable searches and seizures. *United States v. Berry*, 670 F.2d 583, 589–90 (5th Cir. 1982)(en banc). The federal "knock and announce" rule codified at 18 U.S.C. § 3109 does not apply, because the search of Jones' apartment was conducted by state officers. *See United States v. Heacock*, 31 F.3d 249, 258 (5th Cir. 1994). Nevertheless, "the common-law knock-and-announce principle forms a part of the Fourth Amendment reasonableness inquiry", which applies with equal force to state and federal law enforcement officers alike. *Wilson v. Arkansas*, 514 U.S. 927, 930-31, 115 S. Ct. 1914, 1916 (1995). However, the Fourth Amendment's reasonableness requirement is "flexible" and does not ignore valid "law enforcement interests."

*Id*. at 934. The question of whether or not the officers in this case should have knocked and announced their presence and purpose is of no consequence, as it is conceded that they did just that. Indeed, Jones admits that the officers knocked and announced their presence, but he argues that they did not wait a reasonable length of time before entering.

The notion that the common-law knock-and-announce principle is part of the reasonableness inquiry is relatively new in Fourth Amendment jurisprudence. Hence, no case from the Supreme Court or this Court has yet specifically addressed how long officers must wait before entering a residence after knocking and announcing their presence. There are cases in other circuits dealing with the amount of time required under the federal "knock-and-announce" statute. Generally, a delay of five-seconds or less after knocking and announcing has been held a violation of 18 U.S.C. § 3109. *United States v. Moore*, 91 F.3d 96, 98 (10th Cir. 1996) (officers waited 3 seconds at most and the Government failed even to allege that the officers harbored a concern for their safety); *United States v. Lucht*, 18 F.3d 541, 550-51 (8th Cir. 1994) (waiting 3 to 5 seconds before entering was not long enough); *United States v. Rodriguez*, 663 F. Supp. 585, 587-88 (D.D.C. 1987) (delay of 3 to 5 seconds was insufficient); *United States v. Marts*, 986 F.2d 1216, 1217-18 (8th Cir. 1993) (lapse of less than 5 seconds held not sufficient to infer refusal of admittance necessary to comply with § 3109); *United States v. Nabors*, 901 F.2d 1351, 1355 (6th Cir. 1990) (forced entry only seconds after announcing the officers' authority and purpose must be "carefully scrutinized"); *United*

**4**

*States v. Mendonsa*, 989 F.2d 366, 370 (9th Cir. 1993) (waiting 3 to 5 seconds was insufficient). However, when officers have waited more than 5 seconds, the courts have generally held that there was no violation of § 3109. *United States v. Markling*, 7 F.3d 1309, 1318 (7th Cir. 1993) (officers waited 7 seconds before starting to try to knock the door down); *United States v. Spriggs*, 996 F.2d 320, 322-23 (D.C. Cir. 1993) (officers waited 15 seconds before attempting to enter); *United States v. Ramos*, 923 F.2d 1346, 1355-56 (9th Cir. 1991) (after two requests and 45 seconds); *United States v. Myers*, 106 F.3d 936, 940 (10th Cir.) (agents waited 10 seconds before battering the door down), *cert. denied*, 117 S. Ct. 2446 (1997); *United States v. Knapp*, 1 F.3d 1026, 1030-31 (10th Cir. 1993) (10 to 12 seconds was sufficient to wait); *United States v. Gatewood*, 60 F.3d 248, 250 (6th Cir. 1995) (no violation when officers waited about 10 seconds between announcement and entry). However, because the timing question is relevant in § 3109 cases only to the extent necessary to imply refusal of admittance by the occupant, these cases are of little value in determining how long state officers must wait before breaking in under the Fourth Amendment reasonableness standard. It is possible that a delay in a particular case might be too short to imply refusal of admittance under § 3109, but would be reasonable for Fourth Amendment purposes because of exigent circumstances such as the potential for destruction of evidence or danger to law enforcement officers or innocent occupants.

Therefore we must approach the Fourth Amendment timing question in this case as one of first impression for this Court.

We will resist the temptation to create a bright-line standard for all cases, i.e., five seconds or less is not long enough and more than five seconds is. We will only say that the officers in this case waited long enough after knocking and announcing their presence and purpose. In drug cases, where drug traffickers may so easily and quickly destroy the evidence of their illegal enterprise by simply flushing it down the drain, 15 to 20 seconds is certainly long enough for officers to wait before assuming the worst and making a forced entry. *See United States v. Moore*, 956 F.2d 843, 850 (8th Cir. 1992)("It is reasonable for police officers to assume that suspects selling illegal drugs in small quantities from a residence that has normal plumbing facilities will attempt to destroy those drugs....."). Given the undisputed evidence that the officers knocked and announced their intentions before entering the residence, and given the possibility that a longer wait might well have resulted in the destruction of evidence, the officers' actions did not violate the common-law "knock-and-announce" principle. Accordingly, the district court did not err in denying the suppression motion.

## III.

### SUFFICIENCY OF EVIDENCE TO SUPPORT CONVICTION

Jones argues that the evidence at trial was insufficient to prove that he knowingly possessed the drugs, the revolver, and the ammunition. The crux of Jones' argument is that there was a logical explanation for his presence in the raided premises and that there is evidence that others could have been the culprits. This argument ignores the standard of appellate review; the

Government is not required to present enough evidence to exclude every hypothesis of innocence. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982) (en banc).

Jones moved for a judgment of acquittal at the close of all the evidence. Accordingly, the standard of review for sufficiency of evidence is whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt. *United States v. Alix*, 86 F.3d 429, 435 (5th Cir. 1996). The jury is free to choose among all reasonable constructions of the evidence. *United States v. Chaney*, 964 F.2d 437, 448 (5th Cir. 1992). "In evaluating the sufficiency of the evidence, [the court] consider[s] the evidence in the light most favorable to the government with all reasonable inferences and credibility choices made in support of the verdict." *United States v. Ivy*, 973 F.2d 1184, 1188 (5th Cir. 1992).

To prove possession with the intent to distribute, the Government must prove that Jones knowingly possessed the drugs with the intent to distribute. *United States v. Reyes*, 102 F.3d 1361, 1365 n.4 (5th Cir. 1996). To prove possession of a firearm or ammunition, the Government must prove that Jones had been convicted of a felony and that he knowingly possessed a firearm or ammunition in or affecting interstate commerce. 18 U.S.C. § 922(g); *United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1582 (1996).

Possession may be actual or constructive and may be proved by circumstantial evidence. *Cardenas*, 9 F.3d at 1158 (drugs); *United States v. Knezek*, 964 F.2d 394, 400 (5th Cir. 1992) (firearms);

**7**

*United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992) (firearms). Constructive possession is the knowing exercise of or the knowing power or right to exercise dominion and control over the contraband. *Cardenas*, 9 F.3d at 1158 (drugs); *Knezek*, 964 F.2d at 400 (firearms). One who owns or exercises dominion or control over the premises where contraband is found may be deemed to possess the contraband. *United States v. Sanchez-Sotelo*, 8 F.3d 202, 208-09 (5th Cir. 1993) (drugs); *Knezek*, 964 F.2d at 400 ("constructive possession may be . . . inferred from the exercise of dominion or control over the vehicle in which the [weapon] is found"). Ownership of the firearm is not requisite to proving possession. *United States v. Robinson*, 857 F.2d 1006, 1009 (5th Cir. 1988).

The evidence at trial was sufficient for the jury to find that Jones knowingly possessed the drugs, revolver, and ammunition. Sergeant Pat Powell testified that Jones told him that he was the only person in the apartment when the officers arrived and that it was his apartment. He appeared to be folding clothes when the officers arrived. Detective Alton Blaise testified that when asked about any drugs in the apartment, Jones answered, "Yes, I have some cocaine." Sargeant Powell asked Jones to show them where the drugs were kept. Jones led the officers to a robe in a bedroom and said "that's all of it." Officers recovered a "substantial amount of crack cocaine" from a pocket in the robe worth up to $15,000. Officers also found in the bedroom containing the drugs a loaded revolver between the mattress and box springs, a personal letter addressed to Jones at the apartment address, and a receipt from

Southwestern Bell with his name and the apartment address. Officers also found an O'Haus metric scale commonly used to measure drugs, $670 cash (hidden under a cushion of the love seat), a piece of notebook paper containing Jones' writing that appeared to be a record of drug transactions, and twenty rounds of "38 ammunition". The landlord for the apartment testified that she had a verbal lease only with Jones, Jones had been the only person to pay the rent, Jones usually paid the rent in cash, and Jones appeared to be the only person living there.

Viewing all the evidence in a light most favorable to the verdict, a rational jury could have found Jones knowingly possessed the drugs, revolver, and ammunition. Accordingly, the judgment of the district court must be affirmed.

AFFIRMED.