UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-20168
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELTON JUDE OVEAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-292-1)
_____

January 22, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Delton Oveal appeals his jury conviction for being a felon in possession of a firearm. He contends: (1) the evidence was insufficient to support a finding that he possessed the firearm; (2) the evidence was insufficient to establish that his possession of the firearm affected interstate commerce and 18 U.S.C. § 922(g)(1) is an unconstitutional extension of Congress's Commerce Clause powers; (3) the district court abused its discretion by not

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

giving Oveal's requested jury instruction and by instructing the jury as it did; and (4) his wife's testimony about *her* 1990 credit-card-abuse conviction was erroneously admitted and prejudiced *his* defense.

In reviewing an insufficient evidence claim, we must determine "whether any reasonable trier of fact could have found that the evidence established guilt of the essential elements of the offense beyond a reasonable doubt". *United States v. Jones*, 133 F.3d 358, 362 (5th Cir.), *cert. denied*, 523 U.S. 1144 (1998). Viewing the evidence, the inferences therefrom, and credibility determinations "in the light most favorable to the ... verdict", *see id.*, there was sufficient evidence that Oveal knew of the firearm's presence in his vehicle and that he had access to the firearm. *See United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995), *cert. denied*, 517 U.S. 1174 (1996); *see also* 18 U.S.C. § 922(g)(1).

Oveal's challenges to the sufficiency of the evidence of the interstate-commerce element of his offense and to the constitutionality of 18 U.S.C. § 922(g) are without merit. *See United States v. Cavazos*, 288 F.3d 706, 712 (5th Cir.), *cert. denied*, 123 S. Ct. 253 (2002); *United States v. Daugherty*, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), *cert. denied*, 534 U.S. 1150 (2002).

The refusal to provide a requested jury instruction is reviewed for abuse of discretion. *E.g., United States v.*

*Pankhurst*, 118 F.3d 345, 350 (5th Cir.), *cert. denied*, 522 U.S. 1030 (1997). Oveal's requested jury instruction (concerning effect of firearm on interstate commerce) was an incorrect statement of law. *See United States v. De Leon*, 170 F.3d 494, 499 (5th Cir.), *cert. denied*, 528 U.S. 863 (1999). The district court did not abuse its discretion in refusing to give it; nor was there error with the instruction given to the jury. *Id.; Cavazos*, 288 F.3d at 712.

There may have been error in the admission of the wife's testimony about her 1990 conviction. *See* FED. R. EVID. 609; *United States v. Lopez*, 979 F.2d 1024, 1033 (5th Cir. 1992), *cert. denied*, *Ramirez v. United States*, 508 U.S. 913 (1993). Oveal was not prejudiced by the testimony, however; the error was harmless. *See United States v. Williams*, 957 F.2d 1238, 1242 (5th Cir. 1992) ("Unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required.") (internal quotations omitted); *United States v. McDonald*, 905 F.2d 871, 876 (5th Cir.), *cert. denied*, 498 U.S. 1002 (1990).

*AFFIRMED*