United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41715
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY KEITH COOPER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-229-2
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gary Keith Cooper appeals his conviction following a jury trial for being a felon in possession of a firearm. He argues that the evidence was not sufficient for a reasonable trier of fact to find beyond a reasonable doubt that he knowingly possessed a firearm.

Cooper stipulated to being a convicted felon, and he does not challenge the Government's evidence that the firearms in question had a nexus with interstate commerce. Thus, the sole issue on appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is whether Cooper was knowingly in possession of any of the firearms seized from the apartment where he was arrested.

Cooper's co-defendant testified at trial that he saw Cooper purchase the 9mm handgun found in the apartment. He also testified that, on more than one occasion, he saw Cooper transport the gun between the apartment and the car that they both used. The jury apparently did not find credible Cooper's testimony that he did not own, or know anything about, the handgun or the other firearms found in the apartment. "[T]his court will not substitute its own determination of credibility for that of the jury." See United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994).

Viewing the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established beyond a reasonable doubt that Cooper had been convicted of a felony and that he was in possession of a firearm that had a nexus with interstate commerce. Thus, the evidence was sufficient to sustain his conviction. See United States v. Jones, 133 F.3d 358, 362 (5th Cir. 1998).

AFFIRMED.