United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-40676
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO FRIAS,

Defendant-Appellant.

**Appeals from the United States District Court
for the Eastern District of Texas
(4:03-CR-53-11-LED)**

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pedro Frias was convicted by a jury of conspiring to possess with intent to distribute Ecstasy and five kilograms or more of a mixture and substance containing a detectable amount of cocaine. He appeals his conviction and 188-month sentence.

Frias claims the district court erred in denying his FED. R. CRIM. P. 29 motion for judgment of acquittal. Frias concedes that the evidence adduced at trial showed the existence of a conspiracy, but he contends it was unlikely he knew of the conspiracy or that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he voluntarily participated in it. He notes that he does not share linguistic or cultural ties with most of the alleged conspirators.

Frias preserved the issue by moving for a Rule 29 judgment of acquittal at the close of the Government's case and at the end of all the evidence. *See*, *e.g.*, **United States v. Daniel**, 957 F.2d 162, 164 (5th Cir. 1992). Accordingly, we review *de novo* the denial of the Rule 29 motion, applying the same standard as in a general review of the sufficiency of the evidence. *See* **United States v. Payne**, 99 F.3d 1273, 1278 (5th Cir. 1996). We will affirm if "any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt". **United States v. Jaramillo**, 42 F.3d 920, 922-23 (5th Cir. 1995). All reasonable inferences must be drawn in favor of the jury's verdict. *See*, *e.g.*, **United States v. Brito**, 136 F.3d 397, 408 (5th Cir. 1998).

The Government contends that the testimony of Tam Trieu provided sufficient evidence to convict Frias. Trieu testified that he "fronted" distributable quantities of Ecstasy to Frias on numerous occasions, and that Frias purchased 2000 Ecstasy tablets from Bich Ngoc Tran. Trieu also testified that he helped to find a buyer for Frias when he was seeking to sell cocaine, arranging three sales to Tran, totaling 33 kilograms of cocaine. Considering the evidence in the light most favorable to the government, *see* **United States v. Jones**, 133 F.3d 358, 362 (5th Cir. 1998), it was

2

sufficient to sustain Frias' conspiracy conviction. *See* **United States v. Casel**, 995 F.2d 1299, 1306 (5th Cir. 1993), *vacated on other grounds sub nom*, **Reed v. United States**, 510 U.S. 1188 (1994).

Under **United States v. Booker**, 125 S. Ct. 738 (2005), Frias maintains the district court's application of a two-level enhancement for possession of a dangerous weapon was error because the enhancement was not submitted to the jury. He claims that, if the district court had not been bound by mandatory sentencing guidelines, it could have considered factors such as his age and lack of criminal history in determining his sentence.

As he concedes, Frias did not challenge his sentence on these grounds in the district court; therefore, review is only for plain error. *See* **United States v. Mares**, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (U.S. 31 Mar. 2005) (No. 04-9517). To be eligible for possible relief under the plain error standard, Frias must show: a clear or obvious error that affected his substantial rights. *See* **id.**

Frias "has pointed to nothing in the record indicating that the sentencing judge would have reached a different conclusion under an advisory scheme". **United States v. Bringier**, 405 F.3d 310, 317 (5th Cir. 2005). Because Frias has not carried his burden

3

of demonstrating that the result would likely have been different had the district court sentenced him under an advisory regime, he has not shown reversible plain error.  *See **id.*** at 318.

**AFFIRMED**