United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50174
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN EDUARDO IBARRA-LOYA, also known as Juan Eduardo Loya-Ibarra,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-750-1
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:*

Juan Eduardo Ibarra-Loya (Ibarra) pleaded guilty to possession with intent to distribute marijuana and was sentenced to 15 months of imprisonment and three years of supervised release. In pleading guilty, Ibarra reserved his right to appeal the district court's denial of his motion to suppress. When reviewing the denial of a motion to suppress evidence, this court reviews the district court's factual findings for clear error and its legal conclusions

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

de novo.  United States v. Hunt, 253 F.3d 227, 229-30 (5th Cir. 2001).

The Fourth Amendment does not protect people from all searches and seizures, but it does protect them from unreasonable searches and seizures.  See United States v. Jones, 133 F.3d 358, 361 (5th Cir. 1998).  At an immigration checkpoint, such as in this case, any vehicle may be stopped even in the absence of any individualized suspicion of illegal activity so that the Border Patrol Agent may determine the citizenship status of the people passing through the checkpoint.  United States v. Garcia-Garcia, 319 F.3d 726, 729 (5th Cir. 2003); United States v. Machuca-Barrera, 261 F.3d 425, 431 (5th Cir. 2001).  "The permissible duration of an immigration checkpoint stop is therefore the time reasonably necessary to determine the citizenship status of the persons stopped."  Machuca-Barrera, 261 F.3d at 433.

Agent Martinez stated that Ibarra's immigration inspection took less than a minute.  Thus, the district court's finding that Ibarra's immigration inspection at the primary inspection area was brief and did not unconstitutionally extend beyond its permissible duration was not clearly erroneous.  See id. at 431-35.  Because there is no Fourth Amendment violation, Ibarra's claim that, even if he did voluntarily consent to the search of his vehicle, his consent did not dissipate the taint of the Fourth Amendment violation fails.

2

The district court's judgment is **AFFIRMED.**