United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40263
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS VICENTE RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1527-2
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:*

Carlos Vicente Rodriguez appeals his bench-trial conviction for conspiracy to possess and possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that the district court erred when it denied his motion to suppress evidence seized at an immigration checkpoint because the extended detention and subsequent search of the vehicle violated his Fourth Amendment rights.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Fourth Amendment does not protect people from all searches and seizures, but it does protect them from unreasonable searches and seizures. See United States v. Jones, 133 F.3d 358, 361 (5th Cir. 1998). At an immigration checkpoint, any vehicle may be stopped even in the absence of any individualized suspicion of illegal activity so that the Border Patrol Agent may determine the citizenship status of the people passing through the checkpoint. United States v. Garcia-Garcia, 319 F.3d 726, 729 (5th Cir. 2003); United States v. Machuca-Barrera, 261 F.3d 425, 431, 433 (5th Cir. 2001). "The permissible duration of an immigration checkpoint stop is therefore the time reasonably necessary to determine the citizenship status of the persons stopped." Machuca-Barrera, 261 F.3d at 433. Questions outside the scope of the stop are permissible, but only insofar as they do not extend the duration of the stop. Id. at 432. Any detention beyond the time it takes to determine citizenship and, logically, any subsequent search of a vehicle must be based on consent or probable cause. See United States v. Portillo-Aguirre, 311 F.3d 647, 652-53 (5th Cir. 2002).

U.S. Border Patrol Agent Wilbert Flores testified that although he was satisfied with the driver's citizenship status, he was not satisfied as to Rodriguez's citizenship status or that of the three minor children. Thus, the extended detention was permissible to determine their citizenship status and complete the immigration inspection. See Machuca-Barrera, 261 F.3d at

433. Further, Agent Flores sought and obtained consent to search the vehicle's trunk approximately one minute after the vehicle's arrival at the immigration checkpoint, and, thus, consent was obtained within the lawful duration of the immigration stop. See id. at 435. There is no indication that the driver's consent was limited to a cursory inspection of the trunk or that the search was completed at the primary inspection area. Thus, the driver's consent to search the trunk also justified the continued detention. See id. At the secondary inspection area, the service canine alerted to the vehicle's trunk and its contents. These alerts provided the agents with probable cause to further extend the detention and search the trunk. See United States v. Sanchez-Pena, 336 F.3d 431, 444 (5th Cir. 2003). Therefore, the district court did not err when it denied Rodriguez's motion to suppress, and the district court's judgment is AFFIRMED.