United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-51351
Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE REYES, JR

Defendant-Appellant

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2622-1

---

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Reyes, Jr., (Reyes) pleaded guilty to conspiracy to possess with intent to distribute, and actual possession with intent to distribute, five or more kilograms of cocaine. The district court denied Reyes's motion to suppress evidence of the cocaine. When reviewing the denial of a motion to suppress evidence, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hunt, 253 F.3d 227, 229-30 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Fourth Amendment does not protect people from all searches and seizures, but it does protect them from unreasonable searches and seizures. See United States v. Jones, 133 F.3d 358, 361 (5th Cir. 1998). At an immigration checkpoint, such as in this case, any vehicle may be stopped even in the absence of any individualized suspicion of illegal activity so that the Border Patrol Agent may determine the citizenship status of the people passing through the checkpoint. United States v. Garcia-Garcia, 319 F.3d 726, 729 (5th Cir. 2003); United States v. Machuca-Barrera, 261 F.3d 425, 431 (5th Cir. 2001). "The permissible duration of an immigration checkpoint stop is therefore the time reasonably necessary to determine the citizenship status of the persons stopped." Machuca-Barrera, 261 F.3d at 433.

Agent Landrum testified that Reyes's immigration inspection took two to three minutes. During that brief time, the totality of the circumstances gave Agent Landrum a reasonable suspicion of criminal activity. Thus, the district court's finding that Reyes's immigration inspection at the primary inspection area was brief and did not unconstitutionally extend beyond its permissible duration was not clearly erroneous. Id. at 431-35. The district court also did not err in holding that Landrum properly referred Reyes's vehicle to secondary inspection. Id. at 435 n.32.

The district court's judgment is AFFIRMED.