# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2010

Lyle W. Cayce
Clerk

No. 09-50624
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE ISRAEL NAVARETTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-11-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Willie Israel Navarette appeals his felon-in-possession-of-a-firearm conviction under 18 U.S.C. § 922(g)(1). He claims the district court should have granted his motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29.

Under § 922(g)(1), the Government must show: the defendant was previously convicted of a felony; he possessed a firearm; and, the firearm traveled in, or affected, interstate commerce. *E.g.*, *United States v. Daugherty*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

264 F.3d 513, 515 (5th Cir. 2001). Possession can be actual or constructive and may be proven by circumstantial evidence. *E.g.*, *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999) (citing *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1988). Navarette having properly moved for judgment of acquittal under Rule 29, our court must consider, *de novo*, "whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt". *United States v. Greer*, 137 F.3d 247, 249 (5th Cir. 1998) (citing *United States v. Bell*, 678 F.2d 547, 549 (5th Cir.1982) (en banc), *aff'd*, 462 U.S. 356 (1983)).

Navarette did not present evidence at trial. He stipulated: he had been convicted previously of a felony; and, the firearms in question had traveled in or affected interstate commerce. He contends the Government failed to show he possessed either the .22 or .45 caliber firearm listed in the indictment.

Officers testified they recovered the .45 caliber pistol from under Navarette's mattress, as well as a .45 caliber bullet from inside a box in his closet; the box also contained marijuana. Navarette admitted the marijuana was his. When an Officer stated there was no firearm inside that box, Navarette asked his girlfriend where his gun was. Boxes of bullets found in the same closet were the same caliber (.22) as the pistol found in Navarette's father's closet. Viewing this evidence in the requisite light most favorable to the Government, a rational trier of fact could have found, beyond a reasonable doubt, that Navarette possessed either firearm. *See Greer*, 137 F.3d at 249. Even assuming the motion for judgment of acquittal should have been granted for the .22 caliber firearm, the conviction still stands because a reasonable juror could have convicted based on the .45 caliber firearm.

AFFIRMED.