# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

Lyle W. Cayce
Clerk

No. 10-10180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ULYSSES ARSEO-FRANCO, also known as Mike Allison Corrales; LAVADA CARREON,

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-102-2

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Ulysses Arseo-Franco and Lavada Carreon were tried by a jury and convicted of kidnaping Oscar Luis Zurita and for using a firearm in relation to the kidnaping. The district court sentenced Arseo-Franco to 120 months on the kidnaping count and 60 months on the firearms count, with the terms to be served consecutively. The district court sentenced Carreon to 90 months on the kidnaping count and 60 months on the firearms count, with the terms to be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

served consecutively.   On appeal, Arseo-Franco and Carreon argue that the evidence was insufficient to support the kidnaping and firearms convictions. They argue that if there was no kidnaping there can be no use of a firearm in relation to a kidnaping.

The standard of review for a sufficiency claim is "whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt." *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).   We consider "the evidence in the light most favorable to the [G]overnment with all reasonable inferences and credibility choices made in support of the verdict." *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998) (internal quotation marks and citation omitted).   Arseo-Franco and Carreon do not assert that Zurita's testimony did not establish either the elements of kidnaping or the firearms count.   Rather, they assert that his testimony was the only evidence of kidnaping and that he was not credible because he was a confessed drug dealer who had been granted immunity in exchange for his testimony.   This is a challenge to the sufficiency of evidence based solely on credibility determinations.   Because all credibility determinations are "resolved in favor of the verdict," *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995), the argument fails.   Arseo-Franco and Carreon have not shown that the evidence presented at trial is not sufficient to support all counts of conviction.

Arseo-Franco argues that the district court violated the Confrontation Clause by limiting the cross-examination of an agent with the Federal Bureau of Investigation (FBI) because it limited his ability to attack Zurita's credibility. We review claimed violations of a defendant's Sixth Amendment confrontation right de novo. *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004).   He has not shown that his right to cross-examine witnesses was restricted improperly because the jury had sufficient information to make an appraisal of the Zurita's reliability. *See United States v. Tansley*, 986 F.2d 880, 886 (5th Cir. 1993).

If there is no constitutional violation, then we review a district court's limitations on cross-examination for an abuse of discretion. *United States v. Jimenez*, 464 F.3d 555, 558-59 (5th Cir. 2006). The district court did not abuse its discretion because the information that counsel sought to elicit from the FBI agent was cumulative, and any limitations on counsel's ability to explore those issues did not affect the jury's ability to evaluate Zurita's credibility. *See United States v. Davis,* 393 F.3d 540, 548 (5th Cir. 2004).

AFFIRMED.