# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40754
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VINCENTE BOTELLO-SEGUNDO, also known as Vicente Botello Segundo,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-225-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Vincente Botello-Segundo was convicted of illegal reentry of a previously deported alien (Count One) and being an alien in possession of a firearm and ammunition (Count Two). He was sentenced to 78 total months in prison and three years of supervised release.

Botello-Segundo maintains that the district court contravened the Sixth Amendment by barring him from offering evidence in support of his defense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40754

He argues that the district court precluded him from calling his brother, Joel Botello (Joel), to testify that the firearms and ammunition that underlie Count Two were owned by him and were found in a home that he owned and at times occupied. Botello-Segundo further contends that the Government exploited the district court's error by obtaining a jury instruction regarding possession that incorporated the concept of ownership and raising the issue of ownership in its closing argument.

Even if the district court erred by excluding Joel's testimony, any error was harmless because it did not affect the jury's determination of his guilt. *See United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008); *United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998); FED. R. CRIM. P. 52(a). The proposed testimony would not implicate Botello-Segundo's possession of the ammunition, which alone would sustain his conviction pursuant to 18 U.S.C. § 922(g)(5), and would be irrelevant to whether he possessed the guns. Joel's ownership would not be dispositive of Botello-Segundo's possession, which may be joint possession. *See United States v. DeLeon*, 170 F.3d 494, 497 (5th Cir. 1999); *United States v. Jones*, 133 F. 3d 358, 362 (5th Cir. 1998); *United States v. McKnight*, 953 F.2d 898, 901-02 (5th Cir. 1992). The trial evidence otherwise reflects that Botello-Segundo had constructive possession of the firearms and ammunition because he had dominion and control over the home in which the items were recovered, *see United States v. Ybarra*, 70 F.3d 362, 366 (5th Cir. 1995), had knowledge of, and access to, the items, which were found in his bedroom, *see United States v. Meza*, 701 F.3d 411, 421 (5th Cir. 2012), and advised law enforcement that the items were his and that he intended to retain them, *see De Leon*, 170 F.3d at 496. The jury instructions and the Government's closing argument appropriately explained the law concerning

No. 14-40754

possession and correctly discussed the potential relevance of Botello-Segundo's ownership of the items. *See De Leon*, 170 F.3d at 496

Accordingly, the judgment of the district court is AFFIRMED.