# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARCUS MILTON,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-68-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marcus Milton challenges his jury-trial conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The sole claim on appeal is that the evidence was insufficient to support his conviction because it did not establish he knowingly possessed the firearm, which was found in the trunk of a vehicle parked outside his residence. Because Milton preserved this issue in district court through a motion for

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-30155

judgment of acquittal after the Government's case (he did not present evidence), review is *de novo.* *E.g.*, *United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).

Louisiana Probation Officers, including Milton's, arrived at his residence in December 2014 to arrest him for violating the conditions of his parole. After arresting Milton, the Officers searched a vehicle parked in front of his residence. Next to that vehicle, they identified and searched a vehicle belonging to Milton's girlfriend. Milton's probation officer had seen him driving, working on, or with this second vehicle on three prior dates. Within the vehicle, Officers found two traffic tickets issued to Milton while he was driving it, an envelope with his name on it, his social security card, and a .40 caliber semi-automatic firearm. DNA evidence obtained from the firearm's grip indicated Milton had physically possessed the firearm.

As noted, Milton maintains the evidence was insufficient to support his conviction because it did not establish he had knowing possession of the firearm. In support, he claims: his conviction should be vacated because the evidence gives equal, or nearly equal, circumstantial support to a theory of guilt and a theory of innocence (discussed *infra* as the equipoise rule); there was no direct evidence that he had control over the vehicle in which the firearm was found, or knowing possession of it; there were only a few pieces of evidence connecting him to the vehicle; and the DNA evidence was not conclusive and could have been transferred to the firearm from other items in the trunk.

When considering the sufficiency of the evidence, all evidence, circumstantial or direct, is viewed "in the light most favorable to the Government with all reasonable inferences to be made in support of the jury's verdict". *United States v. Terrell,* 700 F.3d 755, 760 (5th Cir. 2012) (internal brackets and citation omitted). The jury may choose among reasonable

constructions of the evidence. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). Along that line, "[t]he weight and credibility of the evidence are the sole province of the jury", *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007); and it is not necessary that the evidence exclude every reasonable hypothesis of innocence, *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013). In sum, a verdict will be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

To obtain a conviction under 18 U.S.C. § 922(g)(1), the Government must prove beyond a reasonable doubt: (1) defendant previously had been convicted of a felony; (2) defendant possessed a firearm; and (3) it traveled in, or affected, interstate commerce. *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005). Again, Milton contests only whether there was sufficient evidence that he knowingly possessed the firearm.

Possession may be actual or constructive, and may be proved by circumstantial evidence. *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). Constructive possession may be found if defendant has ownership, dominion or control over the item, or dominion or control over the premises in which the item is found. *Id.* (citing *United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999)). Constructive possession may be joint with others. *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992). The statute at issue criminalizes possession, and ownership is not necessary. *See* § 922(g)(1); *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998). The evidence merely must support a plausible inference that a defendant knew of, and had access to, the weapon. *See Meza*, 701 F.3d at 419. Whether "constructive possession

exists is not a scientific inquiry", and the court must "employ a common sense, fact-specific approach". *Id.* (internal quotation marks and citation omitted).

Although the DNA evidence was not conclusive, the weight to be given this evidence was within the sole province of the jury. *See id.* at 420. Milton's contention that the DNA evidence could have been transferred to the firearm from other items in the trunk is unavailing because, as noted, the evidence "need not exclude every reasonable hypothesis of innocence". *Id.* at 418. Further, Milton's reliance on the equipoise rule is misplaced: our court explicitly abandoned use of the rule. *See Vargas-Ocampo*, 747 F.3d at 301–02. A rational juror could have reasonably inferred from the evidence linking Milton to the vehicle and the firearm that he had constructive possession of the firearm. *See id.* at 301. Accordingly, viewing the evidence in the light most favorable to the prosecution, a rational juror "could have found the essential elements of the crime beyond a reasonable doubt". *Meza*, 701 F.3d at 418.

AFFIRMED.