# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50067
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Angelo Padron,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-124-1

———————————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Michael Angelo Padron appeals his conviction and sentence for one count of conspiracy to commit wire fraud and six substantive counts of wire fraud. He argues that the evidence was insufficient to support his convictions and that the statutory maximum fine imposed by the district court was substantively unreasonable. Additionally, Padron moves to relieve his

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

attorney and seeks appointment of new counsel. As the district court granted this same relief, the motion is DENIED AS MOOT.

"This court will uphold the jury's verdict if a rational trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc). This court considers "the evidence in the light most favorable to the [G]overnment with all reasonable inferences and credibility choices made in support of the verdict." *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998) (internal quotation marks and citation omitted).

"To prove conspiracy to commit wire fraud, the government must prove that: (1) two or more persons made an agreement to commit wire fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, i.e., with specific intent." *United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015). Although the central feature of a conspiracy is the agreement, that agreement need not be written or spoken but may be inferred from concert of action. *United States v. Sanders*, 952 F.3d 263, 277 (5th Cir. 2020).

The evidence amply supports a conclusion that Padron and others established Blackhawk Ventures, LLC (Blackhawk) and obtained certification of Blackhawk as a service-disabled, veteran-owned small business (SDVOSB), to participate in a government contracting program meant to benefit service-disabled veterans. Further, although two service-disabled veterans were at relevant times the nominal owners of Blackhawk, there was significant evidence that they were placed in those positions by Padron for the purpose of obtaining SDVOSB certification, and that Padron effectively made all relevant decisions, in contravention of program requirements. This included testimony of numerous witnesses regarding the relative roles of the

nominal owners and Padron in Blackhawk's business, and evidence that Blackhawk was intertwined with and controlled through other companies owned by Padron. Although Padron relies on evidence to the contrary, it is the sole province of the jury to weigh conflicting evidence and assess witness credibility. *United States v. Monroe*, 178 F.3d 304, 307 (5th Cir. 1999).

With respect to the wire fraud counts, the Government was required to prove that "(1) a scheme to defraud exists, (2) the defendant used wire communications in interstate or foreign commerce to further that scheme, and (3) the defendant had specific intent to defraud." *Sanders*, 952 F.3d at 277 (internal quotation marks and citation omitted). Padron does not challenge the first and third elements. Rather, he argues that the Government failed to prove that he used wire communications to further the scheme.

A defendant is directly liable for the use of interstate wires if he could have reasonably foreseen the use of wire communications in furtherance of the scheme to defraud. *United States v. Richards*, 204 F.3d 177, 207 (5th Cir. 2007). The defendant need not have personally made the communication nor order that it be made; rather, the issue is whether the use of wire communications was foreseeable. *Id.*

The wire fraud counts were premised on invoices submitted by Blackhawk with respect to a parking garage contract awarded to Blackhawk by the Department of Veterans Affairs. As discussed above, the evidence supports a conclusion that Padron maintained control over Blackhawk's activities since its formation. Further, Blackhawk's standard billing practices involved submitting electronic invoices and receiving payments via electronic fund transfers. Although the evidence did not show that Padron himself submitted the invoices or ordered they be submitted, given all the evidence, the jury could have inferred it was reasonably foreseeable that wire communications would be used in furtherance of the scheme to defraud. *See*

*Richards*, 204 F.3d at 207. Accordingly, we need not reach the alternate theory of liability under *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946).

Finally, Padron challenges the reasonableness of the above-guidelines fine imposed by the district court. Padron's procedural challenge to the calculation of the original guidelines range and, consequently the original fine range, did not preserve the particular substantive reasonableness challenge he raises here. *See United States v. Napper*, 978 F.3d 118, 124 (5th Cir. 2020); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Consequently, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Padron must identify (1) a forfeited error (2) that is clear and obvious, and (3) that affects his substantial rights. *See Puckett*, 556 U.S. at 135. If he satisfies the first three requirements, this court may, in its discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

In reviewing a non-guidelines sentence for substantive reasonableness, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). A non-guidelines sentence is unreasonable if it: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *See United States v. Diehl*, 775 F.3d 714, 723 (5th Cir. 2015).

Contrary to Padron's arguments, the record reflects that the district court considered the guidelines range as well as the § 3553(a) factors when imposing the fine. The district court specifically identified some of the § 3553(a) factors underlying its decision, including the seriousness of the offense and the need for adequate deterrence. Although Padron contends the

court failed to give weight to other factors, it was not required to address every factor. *See Diehl*, 775 F.3d at 723.

Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, *see Gall v. United States*, 552 U.S. 38, 50-53 (2007), Padron has not demonstrated any clear or obvious error with respect to the district court's determination of the fine.

Accordingly, the judgment is AFFIRMED.