# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2024

Lyle W. Cayce
Clerk

No. 23-40675
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Terry Wayne Lee,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-274-2

_____

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Terry Wayne Lee appeals his jury conviction for possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). He contends the evidence was insufficient to support his conviction because the Government failed to present sufficient evidence to corroborate his admission that he had knowledge of the ammunition or that he had actual or

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

constructive possession of the ammunition. He also asserts his confession was not sufficiently detailed to establish corroboration.

We review a properly preserved claim challenging the sufficiency of the evidence de novo "but with substantial deference to the jury verdict." *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) (internal quotation marks and citation omitted). The jury's verdict will be upheld if any rational trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc). We consider "the evidence in the light most favorable to the [G]overnment with all reasonable inferences and credibility choices made in support of the verdict." *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998) (internal quotation marks and citation omitted).

Based on the evidence presented at trial, a rational trier of fact could have determined that Lee knowingly had constructive possession of the ammunition. *See Vargas-Ocampo*, 747 F.3d at 301. Officer Kennedy testified that after Lee was arrested and advised of his *Miranda*[1] rights, Lee made a statement that his nephew dropped off the ammunition and that he knew it was ammunition at that time. His confession was corroborated by the fact that police officers found the ammunition in a box next to the bed in Lee's bedroom in the recreational vehicle (RV). *See United States v. Deville*, 278 F.3d 500, 506 (5th Cir. 2002). Independent evidence indicated that Lee had dominion and control over the bedroom where the ammunition was found as he lived alone in the RV. *See id.*; *see also United States v. Meza*, 701 F.3d 411, 419-20 (5th Cir. 2012). Additionally, officers also found a brown billfold containing Lee's identification right next to the box containing the

_____

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

ammunition.  *See Meza*, 701 F.3d at 419-20.  Thus, even absent Lee's confession, his dominion and control over the area where the ammunition was found was sufficient to establish his constructive possession over the ammunition.  *See id.*; *see also United States v. Kieffer*, 991 F.3d 630, 635 n.3 (5th Cir. 2021).

Lee also argues that the Government failed to establish that interstate commerce element of the offense and that the Government was required to establish a substantial link between interstate commerce and the ammunition in this case.  Because he did not raise these arguments in the district court, the plain error standard is applicable.  *See United States v. Delgado*, 672 F.3d 320, 328-30 (5th Cir. 2012) (en banc).  We will reverse only if there is a "manifest miscarriage of justice," which exists only if "the record is *devoid of evidence* pointing to guilt or if the evidence is so tenuous that a conviction is shocking."  *Id.* at 331 (internal quotation marks and citation omitted) (emphasis in original).  Special Agent Satcher analyzed the ammunition, determined it was manufactured in Arkansas, and concluded it had crossed state lines and into interstate commerce because it was found in Texas.  It is sufficient to show that the contraband traveled in interstate commerce at some point in the past, even if the possession took place entirely in one state. *See United States v. Cavazos*, 288 F.3d 706, 712 (5th Cir. 2002).

As Lee concedes, his argument that the Government was required to establish a substantial link between interstate commerce and the ammunition is foreclosed.  *See Scarborough v. United States*, 431 U.S. 563, 575 (1977); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

AFFIRMED.