# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2011

No. 10-50552
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR FLORES-MANJAREZ, also known as Hector Manjarez Flores,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-204-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Flores-Manjarez appeals his bench trial conviction of possession
with intent to distribute at least 500 grams of methamphetamine, in violation
of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), arguing that the district court erred when
it denied his motion to suppress the methamphetamine, which was found during
a traffic stop of the car he was driving.  The district court determined that there
was no evidence to indicate that the traffic stop was longer than permissible,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that Flores voluntarily consented to the search of his car, and that the officer's search of the car, even without Flores's consent, was proper.

In reviewing the denial of a suppression motion, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005). However, if a particular suppression argument is not presented in the district court, we review for plain error. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). We review the evidence in the light most favorable to the prevailing party, which in this case is the Government. *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008).

The legality of a traffic stop is analyzed under the two-part test articulated in *Terry v. Ohio*, 392 U.S. 1, 18-20 (1968), which evaluates (1) whether the officer's action was "justified at its inception," and (2) whether the officer's subsequent actions were "reasonably related in scope to the circumstances that justified the stop in the first place." *Lopez-Moreno*, 420 F.3d at 430 (internal citation omitted).

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *Lopez-Moreno*, 420 F.3d at 430. Flores argues that the traffic stop was not justified because the officer did not have an objectively reasonable suspicion that he had violated the traffic laws by following the vehicle in front of him too closely. Flores conceded the validity of the traffic stop in the district court. It is not clear, however, whether Flores's concession constituted invited error. *See United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010). Accordingly, we will review for plain error. *See Stevens*, 487 F.3d at 238; *United States v. Fernandez-Cusco*, 447 F.3d 382, 384 (5th Cir. 2006) (applying the plain error standard in an abundance of caution after noting that the defendant's statement regarding the sentence enhancement arguably constituted invited error).

No. 10-50552

At the time of the stop, the Texas Transportation Code prohibited the operator of a motor vehicle from following another vehicle too closely. TEX. TRANSP. CODE ANN. § 545.062(a) (West 1999); *see also Stoker v. State*, 170 S.W.3d 807, 812-13 (Tex. App. 2005) (holding that the police officer's testimony that the defendant's vehicle was "right up on another" vehicle constituted specific, articulable facts to support his reasonable suspicion that the defendant had committed a traffic violation).

In the instant case, the officer testified that, while glancing in his rearview mirror, he observed Flores following another vehicle too closely, especially given the wet road conditions. The officer further estimated that Flores's Nissan Sentra was traveling less than two car lengths behind the other vehicle. Thus, because the officer provided specific, articulable facts, which were uncontradicted, in support of his reasonable suspicion that Flores had committed the traffic violation of following too closely, Flores has failed to show any plain error in connection with the validity of the traffic stop. *See United States v. Inocencio*, 40 F.3d 716, 727-28 (5th Cir. 1994). Furthermore, Flores's insinuation that the traffic stop was pretextual is without merit since the legal justification for the stop was objectively grounded. *See United States v. Lopez-Valdez*, 178 F.3d 282, 288 (5th Cir. 1999).

Flores next asserts that the officer unconstitutionally prolonged the stop when he placed Flores in the passenger seat of the patrol car. The second tier of the Terry inquiry requires an analysis of whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place. *Lopez-Moreno*, 420 F.3d at 430. This is because "a detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop, unless further reasonable suspicion, supported by articulable facts, emerges." *Brigham*, 382 F.3d at 507.

In the instant case, the officer approached Flores's vehicle and, after brief questioning, discovered that Flores's license was suspended, that Flores's hand

3

was trembling, that the car did not belong to Flores, and that the car smelled like axle grease. The officer then asked Flores to sit in the front passenger seat of his patrol car so that he cold perform the computer checks. The officer testified that he always asks drivers to sit in the front passenger seat of his patrol car for reasons of officer safety and that his request was particularly appropriate in the instant case because of the wet road conditions. The officer further testified that while the computer checks were running, he engaged Flores in conversation. Thus, because the officer questioned Flores before the computer checks were complete, he did not unlawfully extend the stop. *See United States v. Shabazz*, 993 F.2d 431, 437 (5th Cir. 1993) (noting that because the officers were still waiting for the computer check when they received consent to search the car, the detention to that point continued to be supported by the facts that justified its initiation).

Flores also asserts that his consent to search was not voluntary. "A search conducted pursuant to consent is excepted from the Fourth Amendment's warrant and probable cause requirements." *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002) (footnote omitted). However, if a law enforcement officer has probable cause to search a vehicle, the issue of consent is irrelevant. *Banuelos-Romero*, 597 F.3d at 767. Probable cause to search an automobile exists where "trustworthy facts and circumstances within the officer's personal knowledge would cause a reasonably prudent man to believe that the vehicle contains contraband." *Id.* (internal citation omitted). The probable cause determination is based on the totality of circumstances. *Id.* at 768.

We need not reach the issue of consent because the officer had probable cause to search Flores's vehicle because of: (1) Flores's nervousness, which manifested itself in various ways; (2) the fact that Flores came from Laredo, which the officer knew to be a major source city for narcotics; (3) the smell of axle grease, which the officer knew to be a cover odor for narcotics; (4) Flores's contradictory answers regarding his trip; (5) Flores's contradictory answers

No. 10-50552

regarding the fingerprints on the car's trunk; (6) Flores's evasive answers regarding whether the car contained illegal substances; and (7) Flores-Manjarez's evasive actions prior to the traffic stop. In light of the circumstances, taken together, and viewing the evidence in the light most favorable to the Government, *see Zavala*, 541 F.3d at 574, the officer had probable cause to search Flores's car.

Accordingly, the district court did not reversibly err in denying Floress's motion to suppress. *See Zavala*, 541 F.3d at 573-74. Flores's conviction is AFFIRMED.