# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2016

Lyle W. Cayce
Clerk

No. 15-10935
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GRABEL GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-52-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Grabel Gonzalez appeals his conditional guilty-plea conviction, and the subsequent sentence, for possession of, with intent to distribute, 500 grams of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii); and aiding and abetting, in violation of 18 U.S.C. § 2. Gonzalez challenges the denial of his motion to suppress evidence seized during a traffic stop, maintaining the arresting officer lacked reasonable suspicion to stop him for

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the offense of following too closely.  He asserts the "two-second" rule, adapted from the Texas Driver's Handbook, establishes an "objectively reasonable" state-law standard the district court was required to apply in determining whether the stop was justified under the Fourth Amendment.  Gonzalez presents video evidence allegedly failing to show he was following less than two seconds behind the vehicle in front of him.

A hearing on the motion, including testimony, was held before a magistrate judge, whose report and recommendation was adopted by the district judge.  On appeal from the denial of a motion to suppress evidence, findings of fact are reviewed for clear error; legal conclusions, *de novo*.  *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005), *cert. denied*, 546 U.S. 1222 (2006). The evidence is assessed in the light most favorable to the Government.  *United States v. Cantu*, 230 F.3d 148, 150 (5th Cir. 2000).  A district court properly defers to a magistrate judge's credibility determinations when those determinations are supported by the record.  *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

"The stopping of a vehicle and detention of its occupants constitutes a 'seizure' under the Fourth Amendment."  *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004).  An investigatory traffic stop is constitutional only if, *inter alia*, it is justified at its inception.  *Id.*; *see also Terry v. Ohio*, 392 U.S. 1, 19-20 (1968).  For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that a traffic violation has occurred. *Lopez-Moreno*, 420 F.3d at 430.  Reasonable suspicion exists when an officer can point to specific and articulable facts reasonably warranting the stop.  *Id.*

At the suppression hearing before the magistrate judge, Texas Department of Public Safety Trooper Riefers testified he elected to stop Gonzalez' vehicle after he observed it traveling at 73 miles per hour 60 to 80

No. 15-10935

feet behind a semi-truck.  The Trooper concluded this following distance would not permit Gonzalez to "safely stop without colliding with the preceding vehicle", in violation of Texas Transportation Code § 545.062(a).

The district court concluded the Trooper's testimony was sufficient to establish reasonable suspicion for stopping Gonzalez.  We have affirmed the reasonableness of traffic stops under § 545.062(a) based on similar testimony. *See, e.g.*, *United States v. Wallstrum*, 515 F. App'x 343, 349-50 (5th Cir. 2013); *United States v. Flores-Manjarez*, 421 F. App'x 407, 409 (5th Cir. 2011).

Section 545.062(a) contains no objective time element; it requires only that drivers maintain "an assured clear distance" with other vehicles, based on a number of variables.  *See Brigham*, 382 F.3d at 506.  Gonzalez offers no authority for the proposition that his alleged compliance with the "two-second" rule shows the Trooper's judgment that Gonzalez was following too closely was objectively unreasonable in the light of all the circumstances.

Viewing the evidence in the requisite light most favorable to the Government, the court did not err in denying the motion to suppress.  *See Cantu*, 230 F.3d at 150.

AFFIRMED.